UNITED STATES DISTRICT COURT  (bb 7922)
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
DEVANDER SINGH,

                       Plaintiff,

   -against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

                       Defendants.
-------------------------------------------X

Civil Action No.:
19-CV-

**NOTICE OF REMOVAL**

Queens County
Index No.: 715677/2018

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendants, RONALD POLES [hereinafter "POLES"] and COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"], by their attorneys, SIMMONS JANNACE DELUCA, LLP, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1. The above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens bearing Index Number 715677/2018. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**.

2. On August 24, 2018, this office interposed an Answer to plaintiff's Complaint on behalf of POLES and COSTCO. A copy of Defendants' Answer is annexed hereto as **Exhibit "B"**.

3. On September 24, 2018, defendant, SAHIB S. WALIA [hereinafter "WALIA"], interposed his Verified Answer. A copy of which is annexed hereto as **Exhibit "C"**.

4. On November 26, 2018, plaintiff discontinued the within action against defendants PENSKE TRUCK LEASING CO., LP., PENSKE TRUCK LEASING CORPORATION AND COSTCO WHOLESALE MEMBERSHIP, INC. A copy of the discontinuance is annexed hereto as **Exhibit "D"**.

5. The action seeks monetary damages for injuries allegedly suffered by plaintiff, DEVANDER SINGH, while he was a passenger in a vehicle driven by defendant WALIA. Plaintiff has alleged WALIA's vehicle was rear ended by a vehicle driven by defendant POLES, in the course of his employment with COSTCO. Plaintiff's Verified Complaint sounds in negligence.

6. This case was not initially removable as defendant, WALIA, is a citizen of New York. On January 16, 2019, defendant WALIA filed a motion for summary judgment on the issue of liability. Therein, he argued full liability for the subject accident lies with defendants POLES and COSTCO.

7. On April 4, 2019, plaintiff filed an Affirmation in Partial Opposition to the motion. Therein, plaintiff conceded that he has no proof WALIA was negligent. A copy of plaintiff's Affirmation in Partial Opposition is annexed hereto as **Exhibit "E"**.

2

8.   On April 4, 2019, plaintiff also cross-moved for summary judgment on the issue of liability against POLES and COSTCO. Therein, he argued POLES and COSTCO were solely liable for the subject accident. A copy of plaintiff's Affirmation in Support is annexed hereto as **Exhibit "F"**.

9.   This Notice of Removal is being filed within thirty (30) days of plaintiff's concession WALIA is an improper party to this litigation.

### GROUNDS FOR REMOVAL

10.   POLES and COSTCO seek removal based upon diversity of citizenship and fraudulent joinder, pursuant to 28 U.S.C. § 1446(b)(3).

11.   The amount in controversy requirement of $75,000 is satisfied as plaintiff has undergone numerous surgical procedures, has alleged hospital expenses of $1,000,000, physician services of $1,000,000 and loss of earnings of $3,000,000.

12.   The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; (b) Defendant POLES is now, and was at the time the action was commenced, a resident of the State of New Jersey; and (c) Defendant COSTCO is now, and was at the time the action was commenced a corporation incorporated in the State of

3

Washington with its principal place of business in the State of Washington.

13. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between the parties.

14. Defendant WALIA, is now, and was at the time the action was commenced, a resident of New York.

15. Diversity jurisdiction is generally determined by the face of the complaint. However, an exception to this rule exists where non-diverse defendants are fraudulently joined. Under fraudulent joinder, "courts overlook the presence of non-diverse defendants if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 73 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

16. As evidenced by plaintiff's inability to oppose WALIA's motion for summary judgment on liability, and cross-

motion for summary judgment on liability against POLES and COSTCO, plaintiff sued WALIA solely in an effort to destroy diversity jurisdiction.

**CONCLUSION**

17. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens promptly after the filing of this Notice.

18. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

19. By filing this Notice of Removal, POLES and COSTCO do not waive any defenses which may be available to them, specifically including, but not limited to, their right to contest *in personam* jurisdiction over petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, defendants pray that the above-captioned action now pending in the Supreme Court in the State of New York, County of Queens, be removed therefrom to this Court.

Dated:   Hauppauge, New York
         April 4, 2019

        **SIMMONS JANNACE DELUCA, LLP**
        Attorneys for Defendants
        RONALD POLES and COSTCO WHOLESALE CORPORATION

        By: _____
             Bradley K. Bettridge
        **Office & P.O. Address:**
        43 Corporate Drive
        Hauppauge, New York 11788
        (631)873-4888

TO:   STEPHEN A. SKOR, ESQ.
     Attorney for Plaintiff
     **Office & P.O. Address:**
     114-08 101 Avenue, 2nd floor
     Richmond Hill, New York 11419
     (914)434-6092

     LAW OFFICES OF NANCY L. ISSERLIS
     Attorneys for Defendant
     Sahib S. Walia
     **Office and P.O. Address**
     36-01 43rd Avenue
     Long Island City, New York 11101
     (718)361-1514