# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
DEVANDER SINGH,

                                         Plaintiff,

-against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                                       Defendants.
---------------------------------------------------------------X

Index No.: 5298/18
Date Purchased: 7/6/18

Plaintiff designates Queens
County as the place of trial.

**SUMMONS**

The basis of venue is:
Situs of accident

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within twenty (20) days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Queens, N.Y.
       July 6, 2018

                                                            Yours, etc.

                                                            STEPHEN A. SKOR, ESQ.
                                                            Attorney for Plaintiff
                                                            Office and Post Office Address
                                                           114-08 101 Avenue, 2d floor
                                                           Richmond Hill, New York 11419
                                                           (914) 434-6092

<u>Defendants' Addresses:</u>

**RONALD POLES**, 29 Ledgewood Road, Flanders, N.J. 07836

PENSKE TRUCK LEASING CO., L. P., *via Secretary of State*
c/o Corporation Service Company, 80 State Street, Albany, N.Y. 12207-2543

PENSKE TRUCK LEASING CORPORATION, *via Secretary of State*
c/o Corporation Service Company, 80 State Street, Albany, N.Y. 12207-2543

COSTCO WHOLESALE CORPORATION, *via Secretary of State*
c/o CT Corporation System, 111 Eighth Avenue, New York, N.Y. 10011

COSTCO WHOLESALE MEMBERSHIP, INC., *via Secretary of State*
c/o CT Corporation System, 111 Eighth Avenue, New York, N.Y. 10011

SAHIB S. WALIA, 103-27 123rd Street, 2nd floor, South Richmond Hill, N.Y. 11419

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
DEVANDER SINGH,

                                      Plaintiff,

      -against-                                                **VERIFIED COMPLAINT**

RONALD POLES,                                                   Index No.:
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                                      Defendants.
-------------------------------------------------------------------X

        Plaintiff, by his attorney, STEPHEN A. SKOR, ESQ., complaining of the defendants herein, respectfully allege, upon information and belief, as follows:

        1.     That this action is brought pursuant to the provisions of the New York State Comprehensive Motor Vehicle Insurance Reparations Act and plaintiff has complied with all of the conditions thereof.

        2.     That plaintiff has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York.

        3.     That by reason of the foregoing, plaintiff is entitled to recover for non-economic losses as are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law.

4. That plaintiff is a "covered person" as defined in Section 5102(j) of the Insurance Law.

5. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

6. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was a foreign limited partnership.

7. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. did business in the State of New York.

8. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

9. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. controlled the aforesaid motor vehicle (Vehicle #1).

10. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. maintained the aforesaid motor vehicle (Vehicle #1).

11. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. rented the aforesaid motor vehicle (Vehicle #1).

12. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. leased the aforesaid motor vehicle (Vehicle #1).

13. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the lessor of the aforesaid motor vehicle (Vehicle #1).

14. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the lessee of the aforesaid motor vehicle (Vehicle #1).

15. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was a foreign business corporation.

16. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION did business in the State of New York.

17. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

18. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION controlled the aforesaid motor vehicle (Vehicle #1).

19. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION maintained the aforesaid motor vehicle (Vehicle #1).

20. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION rented the aforesaid motor vehicle (Vehicle #1).

21. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION leased the aforesaid motor vehicle (Vehicle #1).

22. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the lessor of the aforesaid motor vehicle (Vehicle #1).

23. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the lessee of the aforesaid motor vehicle (Vehicle #1).

24. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was a foreign business corporation.

25. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION did business in the State of New York.

26. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

27. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION controlled the aforesaid motor vehicle (Vehicle #1).

28. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION maintained the aforesaid motor vehicle (Vehicle #1).

29. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION rented the aforesaid motor vehicle (Vehicle #1).

30. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION leased the aforesaid motor vehicle (Vehicle #1).

31. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the lessor of the aforesaid motor vehicle (Vehicle #1).

32. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the lessee of the aforesaid motor vehicle (Vehicle #1).

33. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was a foreign business corporation.

34. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. did business in the State of New York.

35. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the owner of a certain motor vehicle bearing IN license plate number 2454591.

36. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. controlled the aforesaid motor vehicle (Vehicle #1).

37. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. maintained the aforesaid motor vehicle (Vehicle #1).

38. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. rented the aforesaid motor vehicle (Vehicle #1).

39. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. leased the aforesaid motor vehicle (Vehicle #1).

40. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the lessor of the aforesaid motor vehicle (Vehicle #1).

41. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the lessee of the aforesaid motor vehicle (Vehicle #1).

42. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES operated the aforesaid motor vehicle (Vehicle #1).

43. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) with the knowledge, permission and consent of the owner thereof.

44. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of the owner thereof.

45. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant PENSKE TRUCK LEASING CO., L. P.

46. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant PENSKE TRUCK LEASING CO., L. P.

47. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant PENSKE TRUCK LEASING CORPORATION.

48. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant PENSKE TRUCK LEASING CORPORATION

49. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant COSTCO WHOLESALE CORPORATION.

50. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant COSTCO WHOLESALE CORPORATION.

51. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant COSTCO WHOLESALE MEMBERSHIP, INC.

52. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant COSTCO WHOLESALE MEMBERSHIP, INC.

53. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment.

54. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was the owner of a certain motor vehicle bearing State of New York license plate number T760261C (Vehicle #2).

55. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA controlled the aforesaid motor vehicle (Vehicle #2).

56. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA maintained the aforesaid motor vehicle (Vehicle #2).

57. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA operated the aforesaid motor vehicle (Vehicle #2).

58. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) with the knowledge, permission and consent of the owner thereof.

59. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) upon the business of the owner thereof.

60. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) upon the business of the operator thereof.

61. Upon information and belief, that at all of the times and places hereinafter mentioned, the plaintiff DEVANDER SINGH was a passenger in the aforesaid motor vehicle bearing State of New York license plate number T760261C (Vehicle #2).

62. That at all of the times and places hereinafter mentioned, the Southbound Van Wyck Expressway near its intersection with Linden Blvd. in the County of Queens, City and State of New York was a public roadway and/or thoroughfare in common use by motor vehicles and the general public.

63. That on or about June 7, 2018 at or near the above location, there was contact between Vehicle #1 and the motor vehicle in which the plaintiff was a passenger (Vehicle #2).

64. That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence and carelessness of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicles; in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently hired, retained and or trained the defendant driver RONALD POLES; in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently entrusted the aforementioned vehicle to the defendant driver RONALD POLES; in that the defendant drivers failed to have and keep the above mentioned vehicles under reasonable and proper control; in

that the defendant driver RONALD POLES caused, allowed and permitted his said motor vehicle (vehicle #1) to run into and violently collide with the rear of Vehicle # 2; in that the defendant drivers failed to bring the motor vehicles under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they failed to observe and/or heed the traffic and roadway conditions then and there prevailing; in that they failed to observe and/or heed the traffic signs, signals and/or controls then and there pertaining; in that they operated and controlled the motor vehicles at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid the collision; in failing to sound any horn or other warning of their approach; in operating the aforesaid motor vehicles in an unreasonable and imprudent manner; in following too closely; in changing lanes unsafely; in failing to yield the right of way; in that the defendants owned, operated and controlled their motor vehicles in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as reasonable and prudent persons could have and would have under the circumstances and conditions then and there prevailing; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to

avoid the said accident.

65. That as a result of the negligence of the defendants, their agents, servants and/or employees, plaintiff DEVANDER SINGH sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home; and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefore.

66. That by reason of the foregoing negligence of each of the named defendants, their agents, servants and/or employees, the plaintiff DEVANDER SINGH has been damaged in a sum which exceeds the jurisdictional limits of all lower courts of competent jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the Defendants as follows:

(a) A sum which exceeds the limits of all lower courts of competent jurisdiction;
(b) The cost and disbursements of this action; and
(c) Such other and further relief such as to this Court may seem just and proper.

Dated: Queens, N.Y.
July 6, 2018

Yours, etc.

_____
STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
Office and Post Office Address
114-08 101 Avenue, 2d floor
Richmond Hill, New York 11419
(914) 434-6092


## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I the attorney for the plaintiff in the within action; that I have read and know the contents of the foregoing complaint, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmant and not by plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains his office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated: Queens, N.Y.
July 6, 2018

STEPHEN A. SKOR, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

---

DEVANDER SINGH,

                        Plaintiff,

-against-

RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. and SAHIB S. WALIA,

                        Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**STEPHEN A. SKOR, ESQ.**
Attorney for Plaintiff
Office and Post Office Address
114-08 101st Avenue, 2nd Floor
S. Richmond Hill, N.Y. 11419
Phone: 914-434-6092
Fax: 718-850-6999