# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
DEVANDER SINGH,                              Index No.:
                                             5298/2018
                    Plaintiff,

        -against-                            **VERIFIED ANSWER**

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

                    Defendants.
----------------------------------------X

  Defendants, RONALD POLES and COSTCO WHOLESALE CORPORATION, by their attorneys, SIMMONS JANNACE DeLUCA, LLP, as and for their Verified Answer to the Verified Complaint of plaintiff, responds as follows:

  1. Denies the allegations contained in numbered paragraph "1" of the Verified Complaint.

  2. Denies the allegations contained in numbered paragraph "2" of the Verified Complaint.

  3. Denies the allegations contained in numbered paragraph "3" of the Verified Complaint.

  4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered

1

paragraph "4" of the Verified Complaint and leaves all questions of law to the Court.

5. Denies the allegations contained in numbered paragraph "5" of the Verified Complaint and leaves all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "7" of the Verified Complaint and leaves all questions of law to the Court.

8. Denies the allegations contained in numbered paragraph "8" of the Verified Complaint except admits that on June 7, 2018, Penske Truck Leasing Co., L.P. was the registered owner of a motor vehicle bearing Indiana state registration number 2454591.

9. Denies the allegations contained in numbered paragraph "9" of the Verified Complaint.

10. Denies the allegations contained in numbered paragraph "10" of the Verified Complaint.

11. Denies the allegations contained in numbered paragraph "11" of the Verified Complaint.

12. Denies the allegations contained in numbered paragraph "12" of the Verified Complaint and leaves all questions of law to the Court except admits that Penske Truck Leasing Co., L.P was the Lessor of a motor vehicle bearing Indiana state registration number 2454591 as of June 7, 2018.

13. Denies the allegations contained in numbered paragraph "13" of the Verified Complaint and leaves all questions of law to the Court except admits that Penske Truck Leasing Co., L.P was the Lessor of a motor vehicle bearing Indiana state registration number 2454591 as of June 7, 2018.

14. Denies the allegations contained in numbered paragraph "14" of the Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "15" of the Verified Complaint and leaves all questions of law to the Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "16" of the Verified Complaint and leaves all questions of law to the Court.

17. Denies the allegations contained in numbered paragraph "17" of the Verified Complaint.

18. Denies the allegations contained in numbered paragraph "18" of the Verified Complaint.

19. Denies the allegations contained in numbered paragraph "19" of the Verified Complaint.

20. Denies the allegations contained in numbered paragraph "20" of the Verified Complaint.

21. Denies the allegations contained in numbered paragraph "21" of the Verified Complaint.

22. Denies the allegations contained in numbered paragraph "22" in the Verified Complaint.

23. Denies the allegations contained in numbered paragraph "23" of the Verified Complaint.

24. Denies the allegations contained in numbered paragraph "24" of the Verified Complaint except admits Costco Wholesale Corporation was a foreign corporation organized pursuant to the laws of the State of Washington.

25. Denies the allegations contained in numbered paragraph "25" of the Verified Complaint except admits COSTCO WHOLESALE CORPORATION was authorized to conduct business in the State of New York.

26. Denies the allegations contained in numbered paragraph "26" of the Verified Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "27" of the Verified Complaint and leaves all questions of law to the Court.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "28" of the Verified Complaint and leaves all questions of law to the Court.

29. Denies the allegations contained in numbered paragraph "29" of the Verified Complaint.

30. Denies the allegations contained in numbered paragraph "30" of the Verified Complaint except admits that on June 7, 2018, COSTCO was the Lessee of a motor vehicle bearing Indiana state registration number 2454591.

31. Denies the allegations contained in numbered paragraph "31" of the Verified Complaint.

32. Denies the allegations contained in numbered paragraph "32" of the Verified Complaint except admits that on June 7, 2018, COSTCO leased a motor vehicle bearing Indiana state registration number 2454591.

33. Denies the allegations contained in numbered paragraph "33" of the Verified Complaint, except admits COSTCO WHOLESALE

MEMBERSHIP, INC., was a foreign business corporation organized pursuant to the laws of the State of Washington.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "34" of the Verified Complaint and leaves all questions of law to the Court.

35. Denies the allegations contained in numbered paragraph "35" of the Verified Complaint.

36. Denies the allegations contained in numbered paragraph "36" of the Verified Complaint.

37. Denies the allegations contained in numbered paragraph "37" of the Verified Complaint.

38. Denies the allegations contained in numbered paragraph "38" of the Verified Complaint.

39. Denies the allegations contained in numbered paragraph "39" of the Verified Complaint.

40. Denies the allegations contained in numbered paragraph "40" of the Verified Complaint.

41. Denies the allegations contained in numbered paragraph "41" of the Verified Complaint.

42. Denies the allegations contained in numbered paragraph "42" of the Verified Complaint except admits that on June 7,

2018, RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591.

43. Denies the allegations contained in numbered paragraph "43" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

44. Denies the allegations contained in numbered paragraph "44" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

45. Denies the allegations contained in numbered paragraph "45" of the Verified Complaint.

46. Denies the allegations contained in numbered paragraph "46" of the Verified Complaint.

47. Denies the allegations contained in numbered paragraph "47" of the Verified Complaint.

48. Denies the allegations contained in numbered paragraph "48" of the Verified Complaint.

49. Denies the allegations contained in numbered paragraph "49" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration

number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

50. Denies the allegations contained in numbered paragraph "50" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

51. Denies the allegations contained in numbered paragraph "51" of the Verified Complaint.

52. Denies the allegations contained in numbered paragraph "52" of the Verified Complaint.

53. Denies the allegations contained in numbered paragraph "53" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "54" of the Verified Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "55" of the Verified Complaint.

8

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "56" of the Verified Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "57" of the Verified Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "58" of the Verified Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "59" of the Verified Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "60" of the Verified Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "61" of the Verified Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "62" of the Verified Complaint and leaves all questions of law to the Court.

9

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "63" of the Verified Complaint and leaves all questions of law to the Court.

64. Denies the allegations contained in numbered paragraph "64" of the Verified Complaint.

65. Denies the allegations contained in numbered paragraph "65" of the Verified Complaint.

66. Denies the allegations contained in numbered paragraph "66" of the Verified Complaint.

67. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

68. Defendants demand that liability, if any, be apportioned.

### AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE

69. Plaintiff's complaint fails to state a cause of action.

### AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

70. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in

the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff alleged injuries

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

71. The causes of action asserted by plaintiff are barred by §5102 et. seq. of the Insurance Law, in that plaintiff has failed to satisfy the requirements contained therein.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff was not wearing a seat belt or other safety devices at the time of the alleged occurrence and, accordingly, any award made to and accepted by plaintiff for any injuries set forth in the complaint must be reduced by such proportion to the extent that the injuries complained of were caused, aggravated, and contributed to by plaintiff's failure to wear his seat belt or other safety devices and have the same operational at the time of the occurrence.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE

73. Upon information and belief, any damages sustained by plaintiff was caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

74. Upon information and belief, any damages sustained by plaintiff was caused by plaintiff having voluntarily and

unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

75. These defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE

76. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

### AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE

77. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

### AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE

78. If plaintiff herein has received remuneration and/or compensation for some or all of his or her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

### AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE

79. Upon information and belief, any damages sustained by the plaintiff were caused, in whole or in part, by an unavoidable accident, which was not intended and could not have been foreseen or prevented by the exercise of reasonable care.

### AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE

80. Defendants were faced with a sudden emergency situation, not of their own doing or creation and are therefore, not chargeable with negligence.

### AS AND FOR THE FIRST CROSS-CLAIM AGAINST CO-DEFENDANT SAHIB WALIA

81. If plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendants are liable to plaintiff herein, all of which is specifically denied, then said answering defendant are entitled to indemnification from and judgment over and against the aforementioned co-defendant, for all or part of any verdict or judgment that plaintiff may recover against said answering defendants.

### AS AND FOR THE SECOND CROSS-CLAIM AGAINST CO-DEFENDANT SAHIB WALIA

82. The answering defendants herein demand that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to the answering defendants in the

event judgment is recovered by the plaintiff in an amount equal to the excess over and above this answering defendants' equitable share of the judgment. The equitable share of the judgment of the answering defendants will be determined in accordance with the relative culpability of all the defendants herein.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff(s)' Verified Complaint be dismissed in its entirety, and that defendant(s) be awarded the costs and disbursements of this action, reasonable attorneys fees, and such other and further relief as this Court may deem just and proper.

Dated:   Hauppauge, New York
         August 24, 2018

                                        Simmons Jannace DeLuca, LLP

                                        BY: _____
                                            Sal F. DeLuca
                                      Attorneys for Defendants
                                      RONALD POLES and COSTCO WHOLESALE CORPORATION
                                      **Office & P.O. Address:**
                                      43 Corporate Drive
                                      Hauppauge, New York 11788-2048
                                      (631) 873-4888

TO:
STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
Office & P.O. Address:
114-08 101 Avenue, 2nd floor
Richmond Hill, New York 11419
(914) 434-6092

## VERIFICATION

RE: Singh, Devander v. Ronald Poles, Penske Truck Leasing Co., L.P., Penske Truck Leasing Corporation, Costco Wholesale Corporation, Costco Wholesale Membership, Inc. and Sahib Walia
Index No.: 5298/2018

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state that I am the attorney of record for RONALD POLES and COSTCO WHOLESALE CORPORATION ("defendants") in the within action. I have read the foregoing ANSWER and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by defendants is because defendants reside in another county.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: documents in my file and/or conversations with the defendants representatives.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:   Hauppauge, New York
         August 24, 2018

_____
SAL F. DELUCA

AFFIDAVIT OF SERVICE
U.S. MAIL

RE: Singh, Devander v. Ronald Poles, Penske Truck Leasing Co., L.P., Penske Truck Leasing Corporation, Costco Wholesale Corporation, Costco Wholesale Membership, Inc. and Sahib Walia
Index No.: 5298/2018

STATE OF NEW YORK )
                  : ss.:
COUNTY OF SUFFOLK )

NISHI SHAH, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in Island Park, New York.

On August 24, 2018, I served the within **VERIFIED ANSWER** by depositing true copies thereof, enclosed in post-paid wrappers, into the exclusive care and custody of the U.S. Postal Service within New York State, addressed as shown below:

STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
**Office & P.O. Address:**
114-08 101 Avenue, 2nd floor
Richmond Hill, New York 11419
(914) 434-6092

SAHIB S. WALIA
Office & P.O. Address:
103-27-123rd Street, 2nd Floor
South Richmond Hill, New York 11419

                                        _____
                                             NISHI SHAH

Sworn to before me this
24th day of August, 2018

_____
NOTARY PUBLIC

SOPHIA LOIZOS
Notary Public, State of New York
No. 01LO6342539
Qualified in Suffolk County
My Commission Expires May 23, 20__