# EXHIBIT "C"

B-75888
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
DEVANDER SINGH,                                    INDEX NO.: 5298/2018

                Plaintiff,

                                                  VERIFIED ANSWER TO
                                                  COMPLAINT WITH
          -against-                                CROSS-CLAIM,
                                                  DEMAND FOR VERIFIED
                                                  BILL OF PARTICULARS
RONALD POLES,                                   AND VARIOUS DEMANDS
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                Defendants.
-----------------------------------------------------------------X

       The defendant SAHIB S. WALIA by his attorneys, LAW OFFICES OF NANCY L. ISSERLIS, answering the complaint herein, alleges upon information and belief as follows:

       1.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs marked 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 61 and 62 of the complaint herein.

       2.    Denies each and every allegation set forth in paragraphs marked 2 and 3 of the complaint herein.

       3.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs marked 55, 56, 59 and 60 of the complaint herein and leaves all questions of law and fact to the court.

       4.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph marked 63 of the complaint herein except admits contact with another motor vehicle.

       5.    Deny the allegations contained in the paragraphs marked 64, 65 and 66 of the complaint herein insofar as the said paragraphs refer to the defendant, SAHIB S. WALIA and denies all allegations pertaining to plaintiff.

**AS FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

If the Plaintiff sustained any injuries and/or damages at the time and place alleged in the complaint, the Plaintiff assumed the risk inherent in the activity in which Plaintiff was then engaged and further such injuries and/or damages were caused by reason of the culpable conduct and/or negligence of the Plaintiff without any negligence on the part of the Defendant contributing thereto.

**AS FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

That the said action is barred and precluded by virtue of Article 51, Sections 5101, 5102, 5103 and 5104 of the New York State Insurance Law.

**AS FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Plaintiff did not use the seat belts provided, and the injuries claimed to have been sustained were caused by the lack of use of the seat belts, and Plaintiff did not avail himself of the protective device to mitigate the injuries, and further, by not fastening the available automobile seat belts, acted unreasonably and disregarded his own best interests and thus contributed to the happening of the injuries.

**AS FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from the collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules. If any damages are recoverable against the said answering Defendant, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

**AS FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

## AS FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:

Defendant cannot be held liable as Defendant was faced with a sudden emergency situation, not of his own doing and/or creation, and therefore, not chargeable with negligence and accordingly, the summons and complaint should be dismissed.

## AS FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, answering Defendant will be entitled to protection under New York General Obligations Law 15-108 and the corresponding reduction of any damages that may be determined to be due against said Defendant.

## AS AND FOR A CROSS-COMPLAINT AGAINST THE CO-DEFENDANTS, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. THE DEFENDANT, SAHIB S. WALIA, UPON INFORMATION AND BELIEF, ALLEGES:

That if the Plaintiff sustained damages as alleged in the complaint through any fault other than his own, then such damages were sustained due to the primary and active and sole fault of the co-defendants, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC., and the fault, if any, of the answering Defendant was secondary and passive only; and if the Plaintiff should obtain and/or recover judgment against the answering Defendant, then the co-defendants, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. shall be liable over the answering Defendant for the full amount of said judgment or for any part thereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence as found by the Court and/or Jury.

Further, by reason, of this action, the said answering Defendant SAHIB S. WALIA has incurred, and will in the future incur, costs and expenses including counsel fees.

WHEREFORE, the Defendant, SAHIB S. WALIA, demands judgment dismissing plaintiff's complaint or, alternatively, judgment over and against the co-defendants RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. for the full amount of any judgment obtained and/or recovered against the answering Defendant by the Plaintiff or any part of such judgment obtained and/or apportionment of responsibility between the Defendants, together with the costs, disbursements and expenses of this action, including attorney's fees.

FILED: QUEENS COUNTY CLERK 10/29/2018 12:45 PM
NYSCEF DOC. NO. 5

Case 1:19-cv-01984-RML   Document 1-3   Filed 04/05/19   Page 5 of 7 PageID #: 45
INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/29/2018

Dated: Long Island City, New York
September 24, 2018

                                                  Yours, etc.

                                                LAW OFFICES OF
NANCY L. ISSERLIS
Attorneys for Defendant
SAHIB S. WALIA
Office and P.O. Address
36-01 43rd Avenue
Long Island City, New York 11101
718-361-1514

TO:    Stephen A. Skor, Esq.
Attorneys for Plaintiff
114-08 101st Avenue, 2nd Floor
Richmond Hill, New York 11419
(914) 434-6092

Ronald Poles
29 Ledgewood Road
Flanders, New Jersey 07836

Penske Truck Leasing Co., L.P.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Penske Truck Leasing Corporation
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Costco Wholesale Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

Costco Wholesale Membership, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, hereby affirms as true under all the penalties of perjury that affirmant is associated with the firm of LAW OFFICES OF NANCY L. ISSERLIS, the attorneys of record for the Defendant SAHIB S. WALIA in the within action; that affirmant has read the foregoing ANSWER and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matter therein stated to be alleged upon information and belief, and that as to those matters affirmant believes them to be true. Affirmant further states that the reason this verification is made by affirmant and not by Defendant SAHIB S. WALIA, is because Defendant SAHIB S. WALIA resides outside the County of affirmant's office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Investigations and information received by affirmant in the course of representing Defendant SAHIB S. WALIA.

Dated: Long Island City, New York
September 24, 2018

*[signature]*
NANCY L. ISSERLIS, ESQ.

STATE OF NEW YORK)
) ss:
COUNTY OF QUEENS

    Marisol Lopez, being duly sworn, deposes and says:

    That deponent is not a party to the within action, is over 18 years of age and resides in Brooklyn, New York.

    That on the 24th day of September 2018, deponent served the within COVER LETTER, VERIFIED ANSWER, DEMAND FOR VERIFIED BILL OF PARTICULARS AND VARIOUS DEMANDS upon the following at their address, their address designated by them as their post office address for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed envelope, in an official receptacle under the exclusive care and custody of the United States Post Office Department within the State of New York:

Stephen A. Skor, Esq.
Attorneys for Plaintiff
114-08 101st Avenue, 2nd Floor
Richmond Hill, New York 11419

Ronald Poles
29 Ledgewood Road
Flanders, New Jersey 07836

Penske Truck Leasing Co., L.P.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Penske Truck Leasing Corporation
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Costco Wholesale Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

Costco Wholesale Membership, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

                                                                  Marisol Lopez

Sworn to before me on
this 24th day of September 2018

NOTARY PUBLIC

NANCY L ISSERLIS
NOTARY PUBLIC, State of New York
No. 01IS4707371
Qualified in Nassau County
Commission Expires 01/31/2022