# EXHIBIT "F"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
DEVANDER SINGH,

                              Plaintiff,

        -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                              Defendants.
-----------------------------------------------------------------X

**AFFIRMATION
IN SUPPORT**

Index No.: 715677/18

STEPHEN A. SKOR, ESQ., an attorney duly admitted to practice before the courts of this State, affirms the following to be true under penalty of perjury:

1.     I am the attorney for the plaintiff in this action and I am fully familiar with all of the pleadings and proceedings had in this matter previously and make this affirmation in support of the instant motion.

### INTRODUCTION

TYPE OF CASE: THIS IS A HIT IN THE REAR CASE.

DATE OF ACCIDENT: JUNE 7, 2018

VEHICLES:

**VEHICLE #1 FRONT CAR** - OWNED OPERATED BY DEFENDANT SAHIB S. WALIA (See answer & Certified Police Report).

**VEHICLE #2 REAR-ENDING VEHICLE** - COSTCO TRUCK OWNED BY COSTCO WHOLESALE CORPORATION and DRIVEN BY RONALD POLES (See answer & Certified Police Report).

**PLAINTIFF DEVANDER SINGH** - FRONT SEAT PASSENGER IN VEHICLE #1.

## SUMMARY OF LIABILITY

2. Plaintiff is a passenger in the front car of a 2 vehicle hit in the rear accident. Under New York law, either:

Vehicle #2 (the rear ending vehicle) is liable for this accident; or

Vehicle #1 and Vehicle #2 are jointly liable for this accident.

What is **undisputed** is that **Plaintiff** as a passenger **cannot be liable for this accident**.

## RELIEF REQUESTED

3. This motion will narrow the issues in this simple one car motor vehicle accident. Plaintiff requests an Order for the following relief:

- Granting summary judgment to the Plaintiff on the issue of liability against the Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION; and/or,

- Granting summary judgment to the Plaintiff on the issue of liability jointly and severally against the Defendants RONALD POLES, COSTCO WHOLESALE CORPORATION and SAHIB S. WALIA with the percentages of liability to be apportioned at the time of trial; and,

4. Judicial economy demands the grant of summary judgment herein. Once the issue of liability has been decided, then the plaintiff would appear for a deposition on damages, he would appear for defense medical examinations, and then this case would be ready for trial.

## EXHIBITS

5. The following exhibits are annexed hereto in support of this motion:

  A – Certified Police Report;
  B – Affidavit of Plaintiff DEVANDER SINGH;
  C – Summons and Verified Complaint;
  D – Verified Answers;
  E – Verified Bills of Particulars.

## FACTS

6. As set forth in the attached Certified Police Report (**Exhibit A**), and the affidavit of the plaintiff (**Exhibit B**), the facts of the subject accident are as follows:

7. This action arises out of a motor vehicle accident in which occurred on June 7, 2018, at approximately 2:00-2:20 A.M.

8. The plaintiff was a front seat passenger in a car driven by SAHIB S. WALIA (The 'host" vehicle).

9. The car they were in was traveling southbound on the Van Wyck Expressway.

10. The weather was fine, and the road was dry near where the accident occurred.

11. The Van Wyck in that area is a two way highway with three or four lanes in each direction.

12. The accident happened near the Linden Blvd. exit on the Van Wyck South.

13. The vehicle the plaintiff was in had been traveling in the far right travel lane on the roadway for several minutes before the accident happened.

14. When the host vehicle was about a hundred yards from the Linden Blvd. exit, a car in the lane to their left signaled to enter their lane and they slowed down to let it into their lane.

15. That car again slowed down and as it started to exit towards the right to take the Linden Blvd. exit.

16. The host vehicle again gradually slowed as the car in front of it had put on its right turn signal and started to slow in order to go into the exit lane and leave the highway.

17. As the host vehicle slowed this second time a tractor trailer crashed into the back of the host vehicle.

18. When the host vehicle was hit it was completely within the same far right traveling lane that it had been in for several minutes before the crash.

## PROCEDURAL HISTORY

19. On or about July 6, 2018 the plaintiff initiated an action against the defendant as driver and owner of the car involved in this accident (**Exhibit C**). Answers were served by the attorneys for the defendants on or about August 29, 2018 and September 24, 2018 (**Exhibit D**).

## SUMMARY JUDGMENT GENERALLY

20. Summary judgment is designed to expedite all civil cases by eliminating from the trial calendar claims which can properly be resolved as a matter of law. Andre v. Pomeroy, 35 N.Y.2d 894 (1974); DiSaboto v. Soffes, 9 Ad2d 297, 193 N.Y.S.2d 376 (1959). Thus, the object of summary judgment is to separate that which is formal or pretended in averment from that which is genuine and substantial, so that only genuine and substantial issues may subject parties (and the system) to the burden of trial. Richard v. Credit Suisse, 242 NY 346, 152 NE 110 (1926); O'Brien v. Purpura, 25 Misc2d 1009, 205 N.Y.S.2d 3 (1960).

21. Increasingly, summary judgment is viewed as the proper method to eliminate unnecessary expense to litigants where no material fact is presented to justify a trial against them. Donadio v. Crouse-Irving Memorial Hospital, 75 AD2d 715, 427 N.Y.S.2d 118 (1980).

22. Negligence cases, supplying the bulk of the Trial Calendar, are a perfect example of the implementation of this policy. CPLR §3212(a) states that, regarding a motion for summary judgment:

> The motion shall be granted if, upon all the papers and proof submitted, the cause of action.. .shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW AGAINST THE DEFENDANTS RONALD POLES AND COSTCO WHOLESALE CORPORATION

23. New York Courts have long upheld the principle that cases involving so-called "hit-in-the-rear" motor vehicle accidents are ripe for summary judgment on the issue of liability when it is uncontroverted that the plaintiff's vehicle was struck from behind by the defendants' vehicle.

24. Based on the foregoing, it is submitted that there is *no* triable question of fact as to the negligence of the Defendants RONALD POLES AND COSTCO WHOLESALE CORPORATION, and, accordingly, that plaintiff's application for partial summary judgment on the issue of liability must be granted.

## ARGUMENT

### PLAINTIFF'S APPLICATION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY MUST BE GRANTED UNDER THE FACTS PRESENTED, THE STATUTORY AUTHORITY AND THE CONTROLLING CASE-LAW

25. New York Courts have long upheld the notion that cases involving so-called "hit-in-the-rear" motor vehicle accidents are ripe for summary judgment on the issue of liability when it is uncontroverted that the plaintiff's vehicle was struck from the rear by the defendants' vehicle.

26. It is the well settled law of this State that a driver must maintain a safe distances between his vehicle and the one in front of him. This clear and unambiguous rule imposes on

each driver a duty to be aware of traffic conditions, including vehicle stoppages. *See*, Sass v. Ambu Trans Inc., 238 A.D.2d 570, 657 N.Y.S.2d 69 (2nd Dep't 1997).

27. When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and…use reasonable care to avoid colliding with that vehicle. *See*, McLaughlin v. Lunn, 137 A.D.3d 757, 26 N.Y.S.3d 338 (2nd Dep't 2016); Mitchell v. Gonzalez, 269 A.D.2d 250, 703 N.Y.S.2d 124 (1st Dept 2000).

28. Further, drivers have a "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident", DeAngelis v. Kirschner, 171 A.D.2d 593, 567 N.Y.S.2d 457 (1st Dep't 1991).

29. It is well established that a rear-end collision with a vehicle establishes a *prima facie* case of negligence on the part of the operator of the second vehicle. *See*, Buchanan v. Keller, 169 A.D.3d 989 (2nd Dep't 2019); Somers v. Condlin, 39 A.D.3d 289, 833 N.Y.S.2d 83 (1st Dep't 2007); Ewens v. Roy, et.al., 45 A.D.3d 353, 846 N.Y.S. 2d 12 (1st Dep't 2007).

30. This rule has been applied even when the front vehicle is alleged to have stopped suddenly in slow-moving traffic, even if the sudden stop is repetitive or when the front vehicle, although in stop-and-go traffic, stopped while crossing an intersection. *See*, Mascitti v. Greene, 250 A.D.2d 821, 673 N.Y.S.2d 206 (2nd Dep't 1998); Barba v. Best Security Corp., 235 A.D.2d 381, 652 N.Y.S.2d 71 (2nd Dep't 1997); and Cohen v. Terranella, 112 A.D.2d 264, 491 N.Y.S.2d 711 (2nd Dep't 1985).

31. When such a rear-ended collision occurs, the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the owner and operator of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision,

*See*, Silberman v. Surrey Cadillac Limousine Service Inc., 109 A.D.2d 833, 486 N.Y.S.2d 357

(2nd Dep't 1985).

32. In this regard, Section 1129(a) of the Vehicle and Traffic Law provides as follows:

> § 1129. Following too closely. (a) The driver of a motor vehicle shall
> not follow another vehicle more closely than is reasonable and prudent,
> having due regard for the speed of such vehicles and the traffic upon
> and the condition of the highway.

33. Buchanan v. Keller, 169 A.D.3d 989 (2nd Dep't 2019) sets forth the current, controlling case-law regarding hit in the rear cases:

> a. It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate non-negligent explanation for the accident (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Agramonte v City of New York, 288 AD2d 75, 76 [2001]).
>
> b. A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence (see id.; Farrington v New York City Tr. Authority, 33 AD3d 332 [2006] [defendant first saw stopped vehicle three or four seconds before impact; even if brake lights not functioning, such failure would not adequately rebut inference of defendant's negligence]; Francisco v Schoepfer, 30 AD3d 275 [2006]; Mullen v Rigor, 8 AD3d 104 [2004] [claim that co-defendant's car stopped suddenly not enough to rebut the presumption of negligence where there was no testimony as to why a safe distance could not be maintained]).
>
> c. Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact (see Alvord & Swift v Muller Constr. Corp., 46 NY2d 276, 281-282 [1978]).

34. In reversing the lower court's decision, in Buchanan, the Appellate Division Second Department found that "Defendant driver did not dispute that plaintiff's vehicle was stopped or stopping when defendant hit it."

35. The same result must be reached in the instant matter, as there is no evidence to dispute plaintiff's claim that the vehicle he was in had been gradually slowing down prior to being rear-ended by the defendant's vehicle, and as such summary judgment is mandated. *See,* McLaughlin v. Lunn, 137 A.D.3d 75, 26 N.Y.S.3d 338 (2nd Dep't 2016).

36. Unless the operator of the rear vehicle in a rear-end collision has a valid excuse for striking the motor vehicle ahead of it, the rear-end collision, in and of itself, establishes the rear driver's liability. The Courts of the State of New York have consistently and repeatedly held that a rear-end collision with a stopped vehicle constitutes a *prima facie* case of liability in favor of the stationary vehicle. Unless the operator of the moving vehicle is able to present an adequate, non-negligent explanation for the accident, the mere fact that a rear-end collision has occurred creates a presumption of negligence which must be rebutted by the operator of the moving vehicle. If the operator of the striking vehicle fails to rebut this presumption, the operator of the stopped vehicle is entitled to summary judgment on the issue of liability. *See,* Leonard v. City of New York, 273 A.D.2d 205, 708 N.Y.S.2d 467 (2nd Dep't 2000); Longhito v. Klein, 273 AD2d 281, 708 N.Y.S.2d 721, (2nd Dep't. 2000); Velasquez v. Quijada, 269 A.D.2d 592, 703 N.Y.S.2d 518 (2nd Dep't 2000) Johnson v. Phillips, 261 A.D.2d 269, 690 N.Y.S.2d 545 (1st Dep't 1999); Rue v. Stokes, 191 A.D.2d 245, 594 N.Y.S.2d 749 (1st Dep't 1993) ; Brant v. Senatobia Operating Corp, 269 A.D.2d 483, 703 N.Y.S.2d 245 (2nd Dept 2000); Baron v. Murray, 268 A.D.2d 495, 702 N.Y.S.2d 354 (2nd Dep't. 2000); Mendiolaza v. Novinski, 268 A.D.2d 462, 703 N.Y.S.2d 49 (2nd Dep't 2000); Sekuler v. Limnos Taxi, Inc., 264 A.D.2d 389, 694 N.Y.S.2d 100 (2nd Dep't 1999); Schmidt v. Edelman, 263 A.D.2d 502, 692 N.Y.S.2d 740 (2nd Dept 1999); Sheeler v. Blade Contracting, Inc., 262 A.D.2d 632, 692 N.Y.S.2d 669 (2nd

Dep't 1999); Hurley v. Izzo, 248 A.D.2d 674, 670 N.Y.S.2d 575 (2nd Dep't 1998); Lopez v. Minot, 258 A.D.2d 564, 685 N.Y.S.2d 469 (2nd Dep't 1999).

37. Further, the defendant driver has not, and cannot, proffered any non-negligent explanation for striking the rear of plaintiff's vehicle and as such, summary judgment must attach. See, McLaughlin v. Lunn, 137 A.D.3d 757, 26 N.Y.S.3d 338 (2nd Dep't 2016).

38. In Hewitt v. Gordon–Fleetwood, 163 A.D.3d 536 (2nd Dep't 2018), the plaintiff was the operator of a motor vehicle which was stopped in traffic when it was rear-ended by the defendants' vehicle. The plaintiff brought suit and eventually moved for summary judgment on the issue of liability. That motion was denied by the Westchester County Supreme Court (Lefkowitz, J.). In reversing that decision, and granting summary judgment to the plaintiff, the Appellate Court again confirmed the rule that:

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence. (See, Tutrani v. County of Suffolk, 10 N.Y.3d 906, 908, 861 N.Y.S.2d 610, 891 N.E.2d 726; Nikolic v City–Wide Sewer & Drain Serv. Corp., 150 A.D.3d 754, 755, 53 N.Y.S.3d 684).

39. Also instructive is the case of Nikolic v. City-Wide Sewer & Drain Service Corp., 150 A.D.3d 754 53 N.Y.S.3d 684 (2nd Dept 2017), where the plaintiff alleged that her vehicle had been stopped at a red light for three seconds when it was struck from behind by the defendant's vehicle. The plaintiff moved for summary judgment on the issue of liability, but her motion was denied by the Supreme Court, Queens County (Sampson, J.). In reversing the lower court and granting plaintiff the requested relief, the Appellate Division, Second Department

began by noting that: A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence.

40. Thus summary judgment as against Defendants RONALD POLES AND COSTCO WHOLESALE CORPORATION is mandated.

### IN THE ALTERNATIVE, AS AN INNOCENT PASSENGER, PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY JOINTLY AND SEVERALLY AGAINST ALL DEFENDANTS WITH THE PERCENTAGES OF LIABILITY TO BE APPORTIONED AT THE TIME OF TRIAL

41. An innocent passenger who, on a motion for summary judgment, submits evidence of the negligence of the drivers involved in the accident shifts the burden to those drivers to come forward with exculpatory explanations. *See*, MacIntosh v. August Ambulette Service, 706 N.Y.S.2d 187, 271 A.D.2d 661 (2nd Dep't 2000); Siegel v. Terrusa, 222 A.D.2d 428, 635 N.Y.S.2d 52 (2nd Dep't 1995).

42. Plaintiff is entitled to summary judgment when the defendant drivers fail to offer non-negligent explanations as to how the accident occurred. *See*, Viegas v. Esposito, 135 A.D.2d 708, 522 N.Y.S.2d 608 (2nd Dep't 1987).

43. A passenger who cannot possibly be found at fault is entitled to summary judgment on the issue of liability. *See*, Anzel v. Pistorino, 105 A.d.3d 784, 962 NYS2d 700 (2nd Dep't 2013); Garcia v. Tri-County Ambulette Service, 282 A.D.2d 206, 723 N.Y.S.2d 163 (1st Dept 2001).

44. The plaintiff in such a situation must be awarded summary judgment, and any issues of comparative fault must be separately addressed at the time of trial. *See*, Choi v. Schwabenbauer, 124 A.D. 3d 574, 1 N.Y.S.3d 276 (2nd Dep't 2015).

## CONCLUSION

45. As Defendants RONALD POLES AND COSTCO WHOLESALE CORPORATION struck the slowing vehicle the plaintiff was a passenger in from behind it stands, without question, that he must be awarded summary judgment as to those defendants. In the event this Court finds that questions of contributory negligence might exist as to Defendant SAHIB S. WALIA, the plaintiff is still entitled to summary judgment as an innocent passenger, with any issues concerning the negligence of each defendant to be reserved for the time of trial.

**WHEREFORE**, it is respectfully requested that the motion be granted in its entirety and for such other and further relief this court deems just, equitable and proper.

Dated: April 3, 2019
       Queens, N.Y.

                                         Respectfully submitted,

                                         _____
                                         STEPHEN A. SKOR, ESQ.
                                         Attorney for Plaintiff
                                         DEVANDER SINGH
                                         114-08 101st Avenue, 2nd floor
                                         Richmond Hill, New York 11419
                                         (718) 850-6990

To:
Bradley K. Bettridge, Esq. c/o
**SIMMONS JANNACE DELUCA, LLP.**
Attorneys for Defendants
RONALD POLES and COSTCO WHOLESALE CORPORATION
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

**LAW OFFICES OF NANCY L. ISSERLIS**
Attorneys for Defendant
SAHIB S. WALIA
36-01 43rd Avenue
Long Island City, N.Y. 11101
(718) 361-1514