UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DEVANDER SINGH,

                            Plaintiff,

       -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                            Defendants.
-------------------------------------------------------------------------X

Civil Action No. :

1:19-CV-01984-JBW-RML

**AFFIDAVIT OF STEPHEN A. SKOR IN SUPPORT OF MOTION TO REMAND**

**STATE OF NEW YORK)**
                    ) ss.:
**COUNTY OF QUEENS)**

      **STEPHEN A. SKOR, ESQ.**, pursuant to 28 U.S.C. §1746, hereby states under the penalties of perjury that the following is true and correct:

      1. That I am the attorney for DEVANDER SINGH, the plaintiff in this and the underlying state court action which is subject to the within Notice of Removal, and the moving party on this remand.

      2. That I am an attorney duly admitted to practice law before the State of New York and the Southern District of New York and have filed a *pro hac vice* motion to appear in this case. I meet all requirements to such admission and the fee attendant to making said motion has been paid and the motion is pending.

      3. This affidavit is submitted in support of the instant motion to remand the instant action back to State Supreme Court, Queens County as there is no subject matter jurisdiction in this Court, and as it is further untimely and procedurally defective.

4. The gravamen of this action is a two vehicle motor vehicle accident that occurred on June 7, 2018.

5. The plaintiff was a passenger in a car owned and operated by Defendant SAHIB S. WALIA, which collided with a truck owned and operated by Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION.

6. The plaintiff filed suit against all defendants, answer was joined, and Bills of Particulars were served. The case was brought in the State Supreme Court, Queens County. The plaintiff DEVANDER SINGH and Defendant SAHIB S. WALIA are both residents of the State of New York.

7. The above pleadings are collectively annexed hereto as Exhibit "A".

8. Defendant SAHIB S. WALIA made a motion for summary judgment as against the other defendants on the grounds that the other defendants were one hundred percent at fault for the happening of the accident as they struck Defendant SAHIB S. WALIA's vehicle from behind. The above motion is annexed hereto as Exhibit "B".

9. The plaintiff conditionally opposed said motion asking the Court to either find that Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION were wholly responsible for the accident, or to find that as an innocent passenger that Plaintiff DEVANDER SINGH should be granted summary judgment against all defendants, with the degrees of fault between the defendants left to the trial of this action. The above cross-motion is annexed hereto as Exhibit "C".

10. Defendant SAHIB S. WALIA partially opposed this cross-motion. Said opposition is annexed hereto as Exhibit "D".

11. Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION did not respond to either pending motion, they instead first asked for an adjournment, and before the return date of the motion they filed the subject Removal Papers. The Notice of Removal is annexed hereto as Exhibit "E".

12. I personally contacted defense counsel to ask if they were conceding their fault in the happening of the accident so that diversity would exist and proper Federal subject matter jurisdiction might be had in this case.

13. I was told that the defendants intended to contest liability in the Federal Court and continue the action there. This is despite the fact that there would not be diversity between the parties, the only possible way this Federal Court would have jurisdiction.

14. It appears this type of "sharp" and frivolous practice is not unusual for the Defendant COSTCO WHOLESALE CORPORATION and defense counsel SIMMONS JANNACE DELUCA, LLP.

15. Herewith please find an affirmation from plaintiff's counsel who was subjected to a similar frivolous motion in a case entitled Johnson v. Costco Wholesale Corporation (E.D.N.Y. 2017- Judge Bianco). The affirmation is annexed hereto as Exhibit "F".

16. In that case, Judge Bianco, seeing through the defendants' subterfuge, remanded the case back to the Supreme Court. The Decision ordering remand is annexed hereto as Exhibit "G".

17. As set forth in the plaintiff's Memorandum of Law, this action was correctly brought in Queens County, the Removal papers were untimely, and the plaintiff had, and

remains to have, proper jurisdiction in Queens County, while this Court does not have subject matter jurisdiction over this matter.

Dated: Queens, N.Y.
       May 2, 2019

Respectfully submitted,

_____
Stephen A. Skor, Esq. (1027)
Motion for *pro hac vice* status pending
114-08 101 Avenue, Second Floor
Richmond Hill, N.Y. 11419
SKORLAW@GMAIL.COM
(718) 850-6992

Sworn To Before Me This Day May 2, 2019

_____
Notary Public

ASIF ALI YUSAF
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02YU6222439
Qualified in Queens County
Commission Expires May 24, 2022

TO:

**SIMMONS JANNACE DELUCA, LLP.**
*Attorneys for Defendants*
*RONALD POLES and COSTCO WHOLESALE CORPORATION*
43 Corporate Drive; Hauppauge, New York 11788-2048
(631) 873-4888

**LAW OFFICES OF NANCY L. ISSERLIS**
*Attorneys for Defendant; SAHIB S. WALIA*
36-01 43rd Avenue
Long Island City, N.Y. 11101
(718) 361-1514