UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEVANDER SINGH,

                                         Plaintiff,

    -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                                         Defendants.
------------------------------------------------------------------X

Civil Action No. :

1:19-CV-01984-JBW-RML

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO REMAND**

## PRELIMINARY STATEMENT

1.    This action was properly brought in the Supreme Court, Queens County as the plaintiff DEVANDER SINGH and defendant SAHIB S. WALIA were both New York residents and jurisdiction in that county was otherwise proper.

2.    Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION are taking the frankly bizarre position that although they feel that defendant SAHIB S. WALIA is a proper defendant in this case (as they have not conceded liability in herein), and even though they do not argue they are improperly named a defendant in this case, removal to Federal Court is proper.

3.    The basis of this argument is that the say the plaintiff "does not really believe that Defendant SAHIB S. WALIA is a proper defendant" (though as stated above Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION strenuously argue that defendant SAHIB S. WALIA is a proper defendant with at least shared liability for the happening of the accident herein.).

4.    Is this argument confusing? It most definitely is. Is this argument logically and procedurally unsound and wholly frivolous? It most definitely is.

1

## FACTUAL AND PROCEDURAL HISTORY

5. The gravamen of this action is a two vehicle motor vehicle accident that occurred on June 7, 2018.

6. The plaintiff was a passenger in a car owned and operated by Defendant SAHIB S. WALIA, which collided with a truck owned and operated by Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION.

7. The plaintiff filed the Summons and Complaint on July 6, 2018, and Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION answered on August 24, 2018.

8. This routine motor vehicle accident case was properly brought in Supreme Court, Queens County as Plaintiff DEVANDER SINGH, and Defendant SAHIB S. WALIA are both New York State Residents, and Queens County was otherwise a proper venue as the situs of the accident.

9. This would make Federal jurisdiction unavailable as New York residents would appear on "both sides of the caption".

10. Under controlling New York Law the plaintiff, as an "innocent passenger", would be entitled to summary judgment as against both defendants, with any liability between the two to be decided by a finder of fact during the trial of the action.

11. Claiming that Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION were completely responsible for the happening of this accident, as their vehicle stuck his vehicle from behind, Defendant SAHIB S. WALIA moved for summary judgment.

12. The plaintiff conditionally opposed said motion asking the Court to either find that Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION were wholly responsible for the accident, or to find that as an innocent passenger that Plaintiff DEVANDER SINGH should be granted summary judgment, with the degrees of fault between the defendants left to the trial of this action.

13. Defendant SAHIB S. WALIA partially opposed this cross-motion.

14. Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION did not respond to either pending motion, they instead first asked for an adjournment, and before

the return date of the motion they filed the subject Removal Papers. The Notice of Removal was filed on April 5, 2019.

15. I personally contacted defense counsel to ask if they were conceding their fault in the happening of the accident so that diversity would exist and proper Federal subject matter jurisdiction might be had in this case.

16. I was informed that the defendants intended to contest liability in the Federal Court and continue the action there. This is despite the fact that there would not be diversity between the parties, the only possible way this Federal Court would have jurisdiction.

## LAW AND ARGUMENT

### POINT I
### THE UNDERLYING CASE WAS PROPERLY BROUGHT IN QUEENS COUNTY

17. Plaintiff DEVANDER SINGH is and was a New York State resident. Defendant SAHIB S. WALIA is and was a New York State resident. The situs of the subject was in Queens County, New York.

18. Under CPLR §503 the case was properly brought in the Supreme Court, Queens County.

19. For the same reasons as venue was proper in the Supreme Court, it would be improper in the Federal Court as a New York resident would appear on "both sides of the caption", and as such there would be no subject matter jurisdiction under 28 U.S.C. §1332.

### POINT II
### THE REMOVAL WAS UNTIMELY

20. The plaintiff filed the Summons and Complaint on July 6, 2018, and Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION answered August 24, 2018.

21. The Notice of Removal was filed on April 5, 2019.

22. Under 28 U.S.C. §1446 this removal was required to take place within thirty days. This removal is void as facially untimely.

## POINT III
### THE MOVING DEFENDANTS DID NOT RECEIVE THE CONSENT OF DEFENDANT SAHIB S. WALIA AND SO THE REMOVAL WAS IMPROPER UNDER 28 U.S.C. §1446(b)(2)(a)

23. There is widespread agreement that all named defendants over whom the State Court acquired jurisdiction must join in the petition for removal to be proper. Ell v. S.E.T. Landscape Design, 34 F. Supp.2d 188 (S.D.N.Y. 1999). The burden is on the removing defendant to show that all served defendants consent to removal. Novovic v. Greyhound Lines, Inc., (E.D.N.Y. 2008) 2008 WL 5000228. If any defect in the removal procedure occurs, courts are authorized to remand a case to the state court in which the action originated. 28 U.S.C. §1447[c]; LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). Indeed, all doubts as to the the procedural validity of removal will be resolved in favor of remand. Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998), which stated "there is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse proscribed procedures". If the removing party fails to meet this burden, the case must be remanded. Bellido-Sullivan v. Am. Int'l Group, Inc., 123 F.Supp.2d 161, 163 (S.D.N.Y. 2000).

24. Here, Defendant SAHIB S. WALIA has not joined or consented in Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION removal of the underlying State court proceeding. There is no proof submitted that Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION made any effort to obtain their joinder. This is a direct violation of the "Rule of Unanimity" and the statutory directive contained in 28 U.S.C. §1446(b)(2)(a). This violation is fatal to removal.

## POINT IV
### THE PLAINITFF HAD AT INCEPTION, AND HAS TODAY, A GOOD FAITH BASIS UNDER CONTROLLING NEW YORK PRECEDENT TO MAINTAIN THIS ACTION IN STATE COURT

25. The plaintiff was a passenger in a vehicle owned and operated by Defendant SAHIB S. WALIA. The moving defendant admits that Defendant SAHIB S. WALIA was, at all times hereinafter relevant, a resident of the State of New York. The moving defendants also

readily concede that my client, Plaintiff DEVANDER SINGH was, at all times hereinafter relevant, a resident of the State of New York.

26. Plaintiff, relying on settled New York law that an innocent passenger would have a right to summary judgment himself, without regard as to issues of contributory negligence between the defendants, properly brought suit against both defendants. *See*, Jung v. Glover, 169 A.D.3d 782, 93 N.Y.S.3d 390 (2nd Dep't 2019); Medina v. Rodriquez, 92 A.D.3d 850, 939 N.Y.S.2d 514 (2nd Dep't 2012); Anzel v. Pistorino, 105 A.D.3d 784, 962 N.Y.S.2d 700 (2nd Dep't 2013).

27. Nothing said in the plaintiff's affidavit in partial opposition to the motion for summary judgment Defendant SAHIB S. WALIA, nor in his own cross motion for summary judgment against one or both defendants changes this.

28. Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION say that the plaintiff concedes that Defendant SAHIB S. WALIA did nothing wrong and should not be in the case; this is facially false.

29. The plaintiff sets forth his own version of events and states that either summary judgment should be granted against Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION for striking the vehicle he was a passenger in under established New York law that a vehicle that hits another stopped or stopping vehicle from the rear is completely liable for the happening of the accident. Parshina v. Celestin, 146 A.D.3d 791, 45 N.Y.S.3d 157 (2nd Dep't 2017), and Tumminello v. City of New York, 148 A.D.3d 1084, 49 N.Y.S.3d 739 (2nd Dep't 2017), or in the alternative, should the Court find upon the opposition of Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION that a question of fact exists, that Plaintiff DEVANDER SINGH be awarded summary judgment against the defendants jointly and severally, with their respective portions of liability left to the finders of fact upon the trial of this action.

30. There is no "fraud" by plaintiff herein in choosing the Supreme Court, Queens County.

31. This case was at its inception, and is currently, properly brought in State Court.

32. It must remain in State Court until and unless Defendant SAHIB S. WALIA is removed from this case by virtue of a decision that he bears no liability for the happening of this accident, either by a decision upon motion, or a concession they are fully at fault by Defendants

5

RONALD POLES and COSTCO WHOLESALE CORPORATION.

33. The removing defendants cannot have it "both ways" by arguing that Defendant SAHIB S. WALIA may have liability for the happening of the accident but at the same time is irrelevant for jurisdictional purposes.

## POINT V
### THERE IS NO POSSIBLE GROUNDS FOR FEDERAL JURISDICTION AS LONG AS DEFENDANT SAHIB S. WALIA REMAINS IN THE CASE.

34. There is no diversity of parties herein.

35. Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION take the bizarre and untenable position that Defendant SAHIB S. WALIA should remain in the case as they are defending on liability, even though such a decision would mean there is no diversity or other grounds for Federal Court jurisdiction.

36. As is well settled, "principles of federalism and judicial efficiency require that, where, as here, the removal of a state court action is premised solely on the diversity of the parties, the court construe the removal statute narrowly, resolving any doubts against removability." Bryan v. American West Airlines, 405 F. Supp 2d 218, at 220 (E.D.N.Y. 2005). And in doing so the Court must evaluate all factual allegation therein in the light most favorable to the plaintiff, resolving all contested issues of substantive fact, as well as any uncertainties in controlling substantive law within the state in plaintiff's favor. Laughlin v. Prudential Insurance Co., 882 F. 2d 474 (5th Cir. 1989).

37. The entire burden herein is on the defendant seeking removal, just as the entire burden in proving or disproving liability in this accident falls between the defendants as the plaintiff is an "innocent passenger".

38. On a motion to remand "it is the party seeking to sustain removal and not the party seeking remand that bears the burden of demonstrating removal was proper". People of New York ex. Rel. Cuomo v. First American Corp., (S.D.N.Y. 2008); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F. 3d 298, 301 (2nd Cir. 1994).

39. Unless the Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION concede liability, which they have not done, they cannot come close to

meeting this burden. "Where a removal action claims federal jurisdiction solely on the basis of diversity of citizenship, it is their substantial burden on the motion to show clear, competent and persuasive proof of complete diversity between the parties, that is when all plaintiffs are citizens of different states from all defendants". Gurney's Inn Resort & Spa Ltd. V. Benjamin, 734 F. Supp.2d 117, 120 (E.D.N.Y. 2010).

40. Even the cases they cite in support are inapposite of, and easily distinguishable from, the case at bar. Each case cited by the removing defendants stands for the proposition that a defendant can be "overlooked" if there is no possibility they can be found liable for the happening of the accident. In this case, the removing defendants themselves state, by the fact they are not admitting liability, that there may be legal liability as to Defendant SAHIB S. WALIA.

41. Removal must this fail under the statutory authority cited, the controlling precedent controlling the same, simple equity and common sense.

## POINT VI
**THE REMOVAL WAS FRIVOLOUS, AND AS SUCH COSTS ARE APPROPRIATE.**

42. What is happening herein is as obvious as it is improper. The removing defendants are forum shopping. They feel they would have a "better" chance of defending the pending summary judgment in Federal Court and so this baseless motion was made. The prior Federal Court Order, and attorney affidavit explaining the same show that this defendant (Costco) and this same law firm, have previously engaged in similar frivolous behavior. Costs are thus warranted.

## CONCLUSION

43. Removal here is improper as Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION have not conceded liability and as such Defendant SAHIB S. WALIA is a proper party to this action. There is simply no diversity, and thus no federal jurisdiction, herein.

Dated: Queens, N.Y.
       May 3, 2019

Respectfully submitted,

/s/
_____
Stephen A. Skor, Esq. (1027)
Motion for *pro hac vice* status pending
114-08 101 Avenue, Second Floor
Richmond Hill, N.Y. 11419
SKORLAW@GMAIL.COM
(718) 850-6992

TO:

**SIMMONS JANNACE DELUCA, LLP.**
*Attorneys for Defendants*
*RONALD POLES and COSTCO WHOLESALE CORPORATION*
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

**LAW OFFICES OF NANCY L. ISSERLIS**
*Attorneys for Defendant*
*SAHIB S. WALIA*
36-01 43rd Avenue
Long Island City, N.Y. 11101
(718) 361-1514