# EXHIBIT "A"
# PLEADINGS

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 10 RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 1 INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------X

DEVANDER SINGH,

                                        Plaintiff,

                -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                                        Defendants.

-------------------------------------------------------X

Index No.: 5298 /18

Date Purchased: 7/6/18

Plaintiff designates Queens
County as the place of trial.

**SUMMONS**

The basis of venue is:
Situs of accident

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorney within twenty (20) days after the service of this summons
exclusive of the day of service, where service is made by delivery upon you personally within the
state, or within thirty (30) days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

Dated: Queens, N.Y.
        July 6, 2018

                                        Yours, &c.

                                        _____
                                        STEPHEN A. SKOR, ESQ.
                                        Attorney for Plaintiff
                                        Office and Post Office Address
                                        114-08 101 Avenue, 2d floor
                                        Richmond Hill, New York 11419
                                        (914) 434-6092

Defendants' Addresses:

**RONALD POLES**, 29 Ledgewood Road, Flanders, N.J. 07836

2 of 52

**PENSKE TRUCK LEASING CO., L. P.,** *via Secretary of State*
c/o Corporation Service Company, 80 State Street, Albany, N.Y. 12207-2543

**PENSKE TRUCK LEASING CORPORATION,** *via Secretary of State*
c/o Corporation Service Company, 80 State Street, Albany, N.Y. 12207-2543

**COSTCO WHOLESALE CORPORATION,** *via Secretary of State*
c/o CT Corporation System, 111 Eighth Avenue, New York, N.Y. 10011

**COSTCO WHOLESALE MEMBERSHIP, INC.,** *via Secretary of State*
c/o CT Corporation System, 111 Eighth Avenue, New York, N.Y. 10011

**SAHIB S. WALIA,** 103-27 123rd Street, 2nd floor, South Richmond Hill, N.Y. 11419

2

Case 1:19-cv-01180-RMB Document 11-1 Filed 05/03/19 Page 4 of 50 PageID #: 115

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------X

DEVANDER SINGH,

                          Plaintiff,

     -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                          Defendants.

------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

        Plaintiff, by his attorney, STEPHEN A. SKOR, ESQ., complaining of the defendants herein, respectfully allege, upon information and belief, as follows:

      1.    That this action is brought pursuant to the provisions of the New York State Comprehensive Motor Vehicle Insurance Reparations Act and plaintiff has complied with all of the conditions thereof.

      2.    That plaintiff has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York.

      3.    That by reason of the foregoing, plaintiff is entitled to recover for non-economic losses as are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law.

3

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

4.    That plaintiff is a "covered person" as defined in Section 5102(j) of the Insurance Law.

5.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

6.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was a foreign limited partnership.

7.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. did business in the State of New York.

8.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

9.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. controlled the aforesaid motor vehicle (Vehicle #1).

10.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. maintained the aforesaid motor vehicle (Vehicle #1).

11.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. rented the aforesaid motor vehicle (Vehicle #1).

4

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 1 SUMMONS & VERIFIED COMPLAINT filed 7/6/2018 RECEIVED NYSCEF: 10/15/2018

12.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. leased the aforesaid motor vehicle (Vehicle #1).

13.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the lessor of the aforesaid motor vehicle (Vehicle #1).

14.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CO., L. P. was the lessee of the aforesaid motor vehicle (Vehicle #1).

15.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was a foreign business corporation.

16.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION did business in the State of New York.

17.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

18.    Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION controlled the aforesaid motor vehicle (Vehicle #1).

5

Printed: 10/15/2018

19.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION maintained the aforesaid motor vehicle (Vehicle #1).

20.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION rented the aforesaid motor vehicle (Vehicle #1).

21.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION leased the aforesaid motor vehicle (Vehicle #1).

22.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the lessor of the aforesaid motor vehicle (Vehicle #1).

23.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant PENSKE TRUCK LEASING CORPORATION was the lessee of the aforesaid motor vehicle (Vehicle #1).

24.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was a foreign business corporation.

25.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION did business in the State of New York.

6

Printed: 10/15/2018

Case 1:19-cv-01081-RMB Document 11 Filed 07/22/19 Page 8 of 50 PageID #: 110

26. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the owner of a certain motor vehicle bearing IN license plate number 2454591 (Vehicle #1).

27. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION controlled the aforesaid motor vehicle (Vehicle #1).

28. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION maintained the aforesaid motor vehicle (Vehicle #1).

29. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION rented the aforesaid motor vehicle (Vehicle #1).

30. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION leased the aforesaid motor vehicle (Vehicle #1).

31. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the lessor of the aforesaid motor vehicle (Vehicle #1).

32. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE CORPORATION was the lessee of the aforesaid motor vehicle (Vehicle #1).

7

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 10/15/2018

33.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was a foreign business corporation.

34.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. did business in the State of New York.

35.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the owner of a certain motor vehicle bearing IN license plate number 2454591.

36.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. controlled the aforesaid motor vehicle (Vehicle #1).

37.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. maintained the aforesaid motor vehicle (Vehicle #1).

38.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. rented the aforesaid motor vehicle (Vehicle #1).

39.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. leased the aforesaid motor vehicle (Vehicle #1).

8

Printed: 10/15/2018

40.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the lessor of the aforesaid motor vehicle (Vehicle #1).

41.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant COSTCO WHOLESALE MEMBERSHIP, INC. was the lessee of the aforesaid motor vehicle (Vehicle #1).

42.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES operated the aforesaid motor vehicle (Vehicle #1).

43.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) with the knowledge, permission and consent of the owner thereof.

44.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of the owner thereof.

45.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant PENSKE TRUCK LEASING CO., L. P.

46.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant PENSKE TRUCK LEASING CO., L. P.

9

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM    INDEX NO. 715677/2018
NYSCEF DOC. NO. 4                                 RECEIVED NYSCEF: 10/15/2018

47.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant PENSKE TRUCK LEASING CORPORATION.

48.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant PENSKE TRUCK LEASING CORPORATION

49.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant COSTCO WHOLESALE CORPORATION.

50.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant COSTCO WHOLESALE CORPORATION.

51.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) upon the business of defendant COSTCO WHOLESALE MEMBERSHIP, INC.

52.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment with defendant COSTCO WHOLESALE MEMBERSHIP, INC.

53.   Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RONALD POLES was operating the aforesaid motor vehicle (Vehicle #1) in the course of his employment.

10

Printed: 10/15/2018

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4
                                                      INDEX NO. 715677/2018
                                                      RECEIVED NYSCEF: 10/15/2018

54.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was the owner of a certain motor vehicle bearing State of New York license plate number T760261C (Vehicle #2).

55.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA controlled the aforesaid motor vehicle (Vehicle #2).

56.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA maintained the aforesaid motor vehicle (Vehicle #2).

57.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA operated the aforesaid motor vehicle (Vehicle #2).

58.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) with the knowledge, permission and consent of the owner thereof.

59.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) upon the business of the owner thereof.

60.     Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SAHIB S. WALIA was operating the aforesaid motor vehicle (Vehicle #2) upon the business of the operator thereof.

11

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018

RECEIVED NYSCEF: 10/15/2018

61.     Upon information and belief, that at all of the times and places hereinafter mentioned, the plaintiff DEVANDER SINGH was a passenger in the aforesaid motor vehicle bearing State of New York license plate number T760261C (Vehicle #2).

62.     That at all of the times and places hereinafter mentioned, the Southbound Van Wyck Expressway near its intersection with Linden Blvd. in the County of Queens, City and State of New York was a public roadway and/or thoroughfare in common use by motor vehicles and the general public.

63.     That on or about June 7, 2018 at or near the above location, there was contact between Vehicle #1 and the motor vehicle in which the plaintiff was a passenger (Vehicle #2).

64.     That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence and carelessness of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicles;  in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently hired, retained and or trained the defendant driver RONALD POLES;  in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently entrusted the aforementioned vehicle to the defendant driver RONALD POLES;  in that the defendant drivers failed to have and keep the above mentioned vehicles under reasonable and proper control; in

12

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

that the defendant driver RONALD POLES caused, allowed and permitted his said motor vehicle (vehicle #1) to run into and violently collide with the rear of Vehicle # 2; in that the defendant drivers failed to bring the motor vehicles under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they failed to observe and/or heed the traffic and roadway conditions then and there prevailing; in that they failed to observe and/or heed the traffic signs, signals and/or controls then and there pertaining; in that they operated and controlled the motor vehicles at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid the collision; in failing to sound any horn or other warning of their approach; in operating the aforesaid motor vehicles in an unreasonable and imprudent manner; in following too closely; in changing lanes unsafely; in failing to yield the right of way; in that the defendants owned, operated and controlled their motor vehicles in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as reasonable and prudent persons could have and would have under the circumstances and conditions then and there prevailing; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to

13

Printed: 10/15/2018

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 1

INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

avoid the said accident.

65.    That as a result of the negligence of the defendants, their agents, servants and/or employees, plaintiff DEVANDER SINGH sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home; and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefore.

66.    That by reason of the foregoing negligence of each of the named defendants, their agents, servants and/or employees, the plaintiff DEVANDER SINGH has been damaged in a sum which exceeds the jurisdictional limits of all lower courts of competent jurisdiction.

**WHEREFORE,** the plaintiff demands judgment against the Defendants as follows:

(a)    A sum which exceeds the limits of all lower courts of competent jurisdiction;

(b)    The cost and disbursements of this action; and

(c)    Such other and further relief such as to this Court may seem just and proper.

Dated: Queens, N.Y.
July 6, 2018

Yours, etc.

**STEPHEN A. SKOR, ESQ.**
Attorney for Plaintiff
Office and Post Office Address
114-08 101 Avenue, 2d floor
Richmond Hill, New York 11419
(914) 434-6092

14

Printed, 10/15/2018

Case 1:19-cv-05578-RJM   Document 11-1   Filed 05/09/19   Page 16 of 50 PageID #: 127

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

NYSCEF SUMMONS & VERIFIED COMPLAINT filed 7/6/2018

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I the attorney for the plaintiff in the within action; that I have read and know the contents of the foregoing complaint, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmant and not by plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains his office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated: Queens, N.Y.
July 6, 2018

STEPHEN A. SKOR, ESQ.

15

Printed, 10/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~KINGS~~ Queens

Index No.:

DEVANDER SINGH,

Plaintiff,

-against-

RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK
LEASING CORPORATION, COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC. and SAHIB S. WALIA,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
Office and Post Office Address
114-08 101st Avenue, 2nd Floor
Richmond Hill, N.Y. 11419
Phone: 914-434-6092
Fax: 718-850-6999

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10
INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4
RECEIVED NYSCEF: 10/15/2018
INDEX NO. 715677/2018
Page 1 of 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
DEVANDER SINGH,

                              Plaintiff,

        -against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

                             Defendants.
----------------------------------------X

Index No.:
5298/2018

**VERIFIED ANSWER**



FILED
AUG 29 2018
COUNTY CLERK
QUEENS COUNTY

      Defendants, RONALD POLES and COSTCO WHOLESALE CORPORATION,
by their attorneys, SIMMONS JANNACE DeLUCA, LLP, as and for
their Verified Answer to the Verified Complaint of plaintiff,
responds as follows:

      1.    Denies the allegations contained in numbered paragraph
"1" of the Verified Complaint.

      2.    Denies the allegations contained in numbered paragraph
"2" of the Verified Complaint.

      3.    Denies the allegations contained in numbered paragraph
"3" of the Verified Complaint.

      4.    Denies knowledge or information sufficient to form a
belief as to the truth of the allegations contained in numbered

**1**

Printed 10/15/2018

paragraph "4" of the Verified Complaint and leaves all questions
of law to the Court.

5. Denies the allegations contained in numbered paragraph
"5" of the Verified Complaint and leaves all questions of law to
the Court.

6. Denies knowledge or information sufficient to form a
belief as to the truth of the allegations contained in numbered
paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to form a
belief as to the truth of the allegations contained in numbered
paragraph "7" of the Verified Complaint and leaves all questions
of law to the Court.

8. Denies the allegations contained in numbered paragraph
"8" of the Verified Complaint except admits that on June 7,
2018, Penske Truck Leasing Co., L.P. was the registered owner of
a motor vehicle bearing Indiana state registration number
2454591.

9. Denies the allegations contained in numbered paragraph
"9" of the Verified Complaint.

10. Denies the allegations contained in numbered paragraph
"10" of the Verified Complaint.

11. Denies the allegations contained in numbered paragraph
"11" of the Verified Complaint.

2

RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018
Page 3 of 17
RECEIVED NYSCEF: 10/15/2018

12. Denies the allegations contained in numbered paragraph "12" of the Verified Complaint and leaves all questions of law to the Court except admits that Penske Truck Leasing Co., L.P was the Lessor of a motor vehicle bearing Indiana state registration number 2454591 as of June 7, 2018.

13. Denies the allegations contained in numbered paragraph "13" of the Verified Complaint and leaves all questions of law to the Court except admits that Penske Truck Leasing Co., L.P was the Lessor of a motor vehicle bearing Indiana state registration number 2454591 as of June 7, 2018.

14. Denies the allegations contained in numbered paragraph "14" of the Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "15" of the Verified Complaint and leaves all questions of law to the Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "16" of the Verified Complaint and leaves all questions of law to the Court.

17. Denies the allegations contained in numbered paragraph "17" of the Verified Complaint.

3

18. Denies the allegations contained in numbered paragraph "18" of the Verified Complaint.

19. Denies the allegations contained in numbered paragraph "19" of the Verified Complaint.

20. Denies the allegations contained in numbered paragraph "20" of the Verified Complaint.

21. Denies the allegations contained in numbered paragraph "21" of the Verified Complaint.

22. Denies the allegations contained in numbered paragraph "22" in the Verified Complaint.

23. Denies the allegations contained in numbered paragraph "23" of the Verified Complaint.

24. Denies the allegations contained in numbered paragraph "24" of the Verified Complaint except admits Costco Wholesale Corporation was a foreign corporation organized pursuant to the laws of the State of Washington.

25. Denies the allegations contained in numbered paragraph "25" of the Verified Complaint except admits COSTCO WHOLESALE CORPORATION was authorized to conduct business in the State of New York.

26. Denies the allegations contained in numbered paragraph "26" of the Verified Complaint.

4

Case 1:18-cv-01810-FM   Document 11-4   Filed 05/08/19   Page 22 of 50 PageID #: 132

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

INDEX NO. 715677/2018
Page 6 of 17
RECEIVED NYSCEF: 10/15/2018

MEMBERSHIP, INC., was a foreign business corporation organized pursuant to the laws of the State of Washington.

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "34" of the Verified Complaint and leaves all questions of law to the Court.

35.   Denies the allegations contained in numbered paragraph "35" of the Verified Complaint.

36.   Denies the allegations contained in numbered paragraph "36" of the Verified Complaint.

37.   Denies the allegations contained in numbered paragraph "37" of the Verified Complaint.

38.   Denies the allegations contained in numbered paragraph "38" of the Verified Complaint.

39.   Denies the allegations contained in numbered paragraph "39" of the Verified Complaint.

40.   Denies the allegations contained in numbered paragraph "40" of the Verified Complaint.

41.   Denies the allegations contained in numbered paragraph "41" of the Verified Complaint.

42.   Denies the allegations contained in numbered paragraph "42" of the Verified Complaint except admits that on June 7,

6

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 10
FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4
RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

2018, RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591.

43. Denies the allegations contained in numbered paragraph "43" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

44. Denies the allegations contained in numbered paragraph "44" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

45. Denies the allegations contained in numbered paragraph "45" of the Verified Complaint.

46. Denies the allegations contained in numbered paragraph "46" of the Verified Complaint.

47. Denies the allegations contained in numbered paragraph "47" of the Verified Complaint.

48. Denies the allegations contained in numbered paragraph "48" of the Verified Complaint.

49. Denies the allegations contained in numbered paragraph "49" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration

7

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 10 RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

50. Denies the allegations contained in numbered paragraph "50" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

51. Denies the allegations contained in numbered paragraph "51" of the Verified Complaint.

52. Denies the allegations contained in numbered paragraph "52" of the Verified Complaint.

53. Denies the allegations contained in numbered paragraph "53" of the Verified Complaint except admits RONALD POLES operated a motor vehicle bearing Indiana state registration number 2454591 on June 7, 2018 in the course of his employment for COSTCO WHOLESALE CORPORATION.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "54" of the Verified Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "55" of the Verified Complaint.

8

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4                                        INDEX NO. 715677/2018
                                                         RECEIVED NYSCEF: 10/15/2018

56.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "56" of the Verified Complaint.

57.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "57" of the Verified Complaint.

58.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "58" of the Verified Complaint.

59.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "59" of the Verified Complaint.

60.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "60" of the Verified Complaint.

61.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "61" of the Verified Complaint.

62.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "62" of the Verified Complaint and leaves all questions of law to the Court.

9

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

INDEX NO. 715677/2018

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "63" of the Verified Complaint and leaves all questions of law to the Court.

64. Denies the allegations contained in numbered paragraph "64" of the Verified Complaint.

65. Denies the allegations contained in numbered paragraph "65" of the Verified Complaint.

66. Denies the allegations contained in numbered paragraph "66" of the Verified Complaint.

67. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

68. Defendants demand that liability, if any, be apportioned.

## AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE

69. Plaintiff's complaint fails to state a cause of action.

## AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

70. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in

10

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 10                                    RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 10/15/2018
INDEX NO. 715677/2018
Page 11 of 17
RECEIVED NYSCEF: 10/15/2018

the percentage proportion of the culpable conduct of plaintiff,
which contributed to or caused plaintiff alleged injuries

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

71. The causes of action asserted by plaintiff are barred
by §5102 et. seq. of the Insurance Law, in that plaintiff has
failed to satisfy the requirements contained therein.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff was not wearing a seat belt or other safety
devices at the time of the alleged occurrence and, accordingly,
any award made to and accepted by plaintiff for any injuries set
forth in the complaint must be reduced by such proportion to the
extent that the injuries complained of were caused, aggravated,
and contributed to by plaintiff's failure to wear his seat belt
or other safety devices and have the same operational at the
time of the occurrence.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE

73. Upon information and belief, any damages sustained by
plaintiff was caused, in whole or in part, by the culpable
conduct of plaintiff and/or were aggravated by the culpable
conduct of plaintiff.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

74. Upon information and belief, any damages sustained by
plaintiff was caused by plaintiff having voluntarily and

11

Printed 10/15/2018

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM
NYSCEF DOC. NO. 10

INDEX NO. 715677/2018
RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM
NYSCEF DOC. NO. 4

INDEX NO. 715677/2018
RECEIVED NYSCEF: 10/15/2018

unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

75. These defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE

76. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

### AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE

77. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

### AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE

78. If plaintiff herein has received remuneration and/or compensation for some or all of his or her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

12

RECEIVED NYSCEF: 01/28/2019
INDEX NO. 715677/2018

RECEIVED NYSCEF: 10/15/2018
INDEX NO. 715677/2018

### AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE

79. Upon information and belief, any damages sustained by the plaintiff were caused, in whole or in part, by an unavoidable accident, which was not intended and could not have been foreseen or prevented by the exercise of reasonable care.

### AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE

80. Defendants were faced with a sudden emergency situation, not of their own doing or creation and are therefore, not chargeable with negligence.

### AS AND FOR THE FIRST CROSS-CLAIM
### AGAINST CO-DEFENDANT SAHIB WALIA

81. If plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendants are liable to plaintiff herein, all of which is specifically denied, then said answering defendant are entitled to indemnification from and judgment over and against the aforementioned co-defendant, for all or part of any verdict or judgment that plaintiff may recover against said answering defendants.

### AS AND FOR THE SECOND CROSS-CLAIM
### AGAINST CO-DEFENDANT SAHIB WALIA

82. The answering defendants herein demand that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to the answering defendants in the

13

FILED: QUEENS COUNTY CLERK 01/28/2019 03:22 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 10                                                   RECEIVED NYSCEF: 01/28/2019

FILED: QUEENS COUNTY CLERK 10/15/2018 02:43 PM                       INDEX NO. 715677/2018
NYSCEF DOC. NO. 4                                                    RECEIVED NYSCEF: 10/15/2018

event judgment is recovered by the plaintiff in an amount equal to the excess over and above this answering defendants' equitable share of the judgment. The equitable share of the judgment of the answering defendants will be determined in accordance with the relative culpability of all the defendants herein.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that plaintiff(s)' Verified Complaint be dismissed in its entirety, and that defendant(s) be awarded the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:    Hauppauge, New York
          August 24, 2018

                              Simmons Jannace DeLuca, LLP.

                              BY: _____
                                    Sal F. DeLuca
                              Attorneys for Defendants
                              RONALD POLES and COSTCO WHOLESALE
                              CORPORATION
                              **Office & P.O. Address:**
                              43 Corporate Drive
                              Hauppauge, New York 11788-2048
                              (631) 873-4888

TO:
STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
Office & P.O. Address:
114-08 101 Avenue, 2nd floor
Richmond Hill, New York 11419
(914) 434-6092

14

Case 1:19-cv-01091-PKC Document 11-4 Filed 05/03/19 Page 31 of 50 PageID #: 142

## VERIFICATION

RE:  Singh, Devander v. Ronald Poles, Penske Truck Leasing
Co., L.P., Penske Truck Leasing Corporation, Costco
Wholesale Corporation, Costco Wholesale Membership,
Inc. and Sahib Walia
Index No.: 5298/2018

I, the undersigned, an attorney duly admitted to practice
in the Courts of the State of New York, state that I am the
attorney of record for RONALD POLES and COSTCO WHOLESALE
CORPORATION ("defendants") in the within action. I have read
the foregoing ANSWER and know the contents thereof. The same is
true to my own knowledge, except as to the matters therein
stated to be alleged on information and belief, and as to those
matters, I believe them to be true. The reason this
verification is made by me and not by defendants is because
defendants reside in another county.

The grounds for my belief as to all matters not stated upon
my own knowledge are as follows: documents in my file and/or
conversations with the defendants representatives.

I affirm that the foregoing statements are true, under the
penalties of perjury.

Dated:     Hauppauge, New York
August 24, 2018

SAL F. DELUCA

15

Printed 10/15/2018

Case 1:18-cv-01501-PKC   Document 11-4   Filed 05/08/19   Page 32 of 50 PageID #: 143

## AFFIDAVIT OF SERVICE
## U.S. MAIL

RE:   Singh, Devander v. Ronald Poles, Penske Truck Leasing Co.,
      L.P., Penske Truck Leasing Corporation, Costco Wholesale
      Corporation, Costco Wholesale Membership, Inc. and Sahib
      Walia
      Index No.: 5298/2018

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF SUFFOLK      )

NISHI SHAH, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age
and reside in Island Park, New York.

On August 24, 2018, I served the within **VERIFIED ANSWER** by
depositing true copies thereof, enclosed in post-paid wrappers, into
the exclusive care and custody of the U.S. Postal Service within New
York State, addressed as shown below:

STEPHEN A. SKOR, ESQ.
Attorney for Plaintiff
Office & P.O. Address:
114-08 101 Avenue, 2nd floor
Richmond Hill, New York 11419
(914) 434-6092

SAHIB S. WALIA
Office & P.O. Address:
103-27-123rd Street, 2nd Floor
South Richmond Hill, New York 11419

NISHI SHAH

Sworn to before me this
24th day of August, 2018

NOTARY PUBLIC

SOPHIA LOIZOS
Notary Public, State of New York
No. 01LO8342539
Qualified in Suffolk County
My Commission Expires May 23, 20__

Printed: 10/15/2018

Case 1:18-cv-... Document 11-1 Filed 05/03/19 Page 33 of 50 PageID #: 144

SIMMONS JANNACE DELUCA, LLP          ORIGINAL

Index No. 5298/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

DEVANDER SINGH,

                                                      Plaintiff,

           -against-

RONALD POLES, PENSKE TRUCK LEASING CO., LP., PENSKE TRUCK LEASING
CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE
MEMBERSHIP, INC. and SAHIB S. WALIA,

                                                      Defendants.

## VERIFIED ANSWER

### SIMMONS JANNACE DELUCA, LLP
ATTORNEY(S) for Defendant
COSTCO WHOLESALE CORPORATION & RONALD POLES
Office & Post Office Address
**43 Corporate Drive**
**Hauppauge, NY 11788-2048**
**(631) 873-4888**
**Fax (631) 873-4889**

**ADMISSION OF SERVICE**
The Undersigned acknowledges
receipt of a copy of the within
on
at          am/pm

_____
Attorney for
BY:

**CERTIFICATION PURSUANT**
to Rule 130-1.1a

*Sal F. DeLuca, Esq*
Simmons Jannace DeLuca, LLP
BY: Sal F. DeLuca, Esq.

B-75888
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
DEVANDER SINGH,

       Plaintiff,

    -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

       Defendants.
--------------------------------------------------------------------X

INDEX NO.: 5298/2018

VERIFIED ANSWER TO
COMPLAINT WITH
CROSS-CLAIM,
DEMAND FOR VERIFIED
BILL OF PARTICULARS
AND VARIOUS DEMANDS

  The defendant SAHIB S. WALIA by his attorneys, LAW OFFICES OF NANCY L. ISSERLIS, answering the complaint herein, alleges upon information and belief as follows:

  1.  Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs marked 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 ,26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 61 and 62 of the complaint herein.

  2.  Denies each and every allegation set forth in paragraphs marked 2 and 3 of the complaint herein.

  3.  Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs marked 55, 56, 59 and 60 of the complaint herein and leaves all questions of law and fact to the court.

  4.  Denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraph marked 63 of the complaint herein except admits contact with another motor vehicle.

  5.  Deny the allegations contained in the paragraphs marked 64, 65 and 66 of the complaint herein insofar as the said paragraphs refer to the defendant, SAHIB S. WALIA and denies all allegations pertaining to plaintiff.

**AS FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

If the Plaintiff sustained any injuries and/or damages at the time and place alleged in the complaint, the Plaintiff assumed the risk inherent in the activity in which Plaintiff was then engaged and further such injuries and/or damages were caused by reason of the culpable conduct and/or negligence of the Plaintiff without any negligence on the part of the Defendant contributing thereto.

**AS FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

That the said action is barred and precluded by virtue of Article 51, Sections 5101, 5102, 5103 and 5104 of the New York State Insurance Law.

**AS FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Plaintiff did not use the seat belts provided, and the injuries claimed to have been sustained were caused by the lack of use of the seat belts, and Plaintiff did not avail himself of the protective device to mitigate the injuries, and further, by not fastening the available automobile seat belts, acted unreasonably and disregarded his own best interests and thus contributed to the happening of the injuries.

**AS FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from the collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules. If any damages are recoverable against the said answering Defendant, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

**AS FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:**

Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

### AS FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:

Defendant cannot be held liable as Defendant was faced with a sudden emergency situation, not of his own doing and/or creation, and therefore, not chargeable with negligence and accordingly, the summons and complaint should be dismissed.

### AS FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ENTIRE ACTION, THE DEFENDANT SAHIB S. WALIA RESPECTFULLY ALLEGES UPON INFORMATION AND BELIEF:

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, answering Defendant will be entitled to protection under New York General Obligations Law 15-108 and the corresponding reduction of any damages that may be determined to be due against said Defendant.

### AS AND FOR A CROSS-COMPLAINT AGAINST THE CO-DEFENDANTS, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. THE DEFENDANT, SAHIB S. WALIA, UPON INFORMATION AND BELIEF, ALLEGES:

That if the Plaintiff sustained damages as alleged in the complaint through any fault other than his own, then such damages were sustained due to the primary and active and sole fault of the co-defendants, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. , and the fault, if any, of the answering Defendant was secondary and passive only; and if the Plaintiff should obtain and/or recover judgment against the answering Defendant, then the co-defendants, RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. shall be liable over the answering Defendant for the full amount of said judgment or for any part thereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence as found by the Court and/or Jury.

Further, by reason, of this action, the said answering Defendant SAHIB S. WALIA has incurred, and will in the future incur, costs and expenses including counsel fees.

WHEREFORE, the Defendant, SAHIB S. WALIA, demands judgment dismissing plaintiff's complaint or, alternatively, judgment over and against the co-defendants RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE MEMBERSHIP, INC. for the full amount of any judgment obtained and/or recovered against the answering Defendant by the Plaintiff or any part of such judgment obtained and/or apportionment of responsibility between the Defendants, together with the costs, disbursements and expenses of this action, including attorney's fees.

Dated: Long Island City, New York
         September 24, 2018

                                   Yours, etc.

                                   LAW OFFICES OF
                                   NANCY L. ISSERLIS
                                   Attorneys for Defendant
                                   SAHIB S. WALIA
                                   Office and P.O. Address
                                   36-01 43rd Avenue
                                   Long Island City, New York 11101
                                   718-361-1514

TO:     Stephen A. Skor, Esq.
        Attorneys for Plaintiff
        114-08 101st Avenue, 2nd Floor
        Richmond Hill, New York 11419
        (914) 434-6092

        Ronald Poles
        29 Ledgewood Road
        Flanders, New Jersey 07836

        Penske Truck Leasing Co., L.P.
        c/o Corporation Service Company
        80 State Street
        Albany, New York 12207-2543

        Penske Truck Leasing Corporation
        c/o Corporation Service Company
        80 State Street
        Albany, New York 12207-2543

        Costco Wholesale Corporation
        c/o CT Corporation System
        111 Eighth Avenue
        New York, New York 10011

        Costco Wholesale Membership, Inc.
        c/o CT Corporation System
        111 Eighth Avenue
        New York, New York 10011

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, hereby affirms as true under all the penalties of perjury that affirmant is associated with the firm of LAW OFFICES OF NANCY L. ISSERLIS, the attorneys of record for the Defendant SAHIB S. WALIA in the within action; that affirmant has read the foregoing ANSWER and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matter therein stated to be alleged upon information and belief, and that as to those matters affirmant believes them to be true. Affirmant further states that the reason this verification is made by affirmant and not by Defendant SAHIB S. WALIA, is because Defendant SAHIB S. WALIA resides outside the County of affirmant's office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Investigations and information received by affirmant in the course of representing Defendant SAHIB S. WALIA.

Dated: Long Island City, New York
September 24, 2018

NANCY L. ISSERLIS, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
DEVANDER SINGH,

                         Plaintiff,

       -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                      Defendants.
-----------------------------------------------------------------------X

**VERIFIED BILL OF
PARTICULARS**

Index No.: 5298/2018

        Plaintiff, as and for his Verified Bill of Particulars herein, pursuant to the demands of the defendants RONALD POLES and COSTCO WHOLESALE CORPORATION alleges upon information and belief as follows:

1.    Plaintiff's date of birth is XX-XX-198▓.

2.    Plaintiff resides at ▓▓▓▓▓▓▓ Street, Ozone Park, N.Y. 11416.

3.    The accident herein occurred on June 7, 2018, a Thursday, at approximately 2:20 a.m.

4.    Plaintiff was a passenger in a vehicle operated by defendant Sahib S. Walia which was hit in the rear by a truck that was owned and operated by the remaining defendants.

5.    The accident occurred on the southbound Van Wyck Expressway prior to the Linden Boulevard exit, in the County of Queens, City and State of New York.

6.    That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence and carelessness of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicles; in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently hired, retained and or trained the defendant driver RONALD POLES; in that the defendants PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE

CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC. negligently entrusted the aforementioned vehicle to the defendant driver RONALD POLES; in that the defendant drivers failed to have and keep the above mentioned vehicles under reasonable and proper control; in that the defendant driver RONALD POLES caused, allowed and permitted his said motor vehicle (vehicle #1) to run into and violently collide with the rear of Vehicle # 2; in that the defendant drivers failed to bring the motor vehicles under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they failed to observe and/or heed the traffic and roadway conditions then and there prevailing; in that they failed to observe and/or heed the traffic signs, signals and/or controls then and there pertaining; in that they operated and controlled the motor vehicles at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid the collision; in failing to sound any horn or other warning of their approach; in operating the aforesaid motor vehicles in an unreasonable and imprudent manner; in following too closely; in changing lanes unsafely; in failing to yield the right of way; in that the defendants owned, operated and controlled their motor vehicles in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as reasonable and prudent persons could have and would have under the circumstances and conditions then and there prevailing; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid the said accident.

7.     These answering Defendants violated all those statutes, ordinances and rules in the cases made and provided, of which the Court will take judicial notice upon the trial hereof, including but not limited to the Vehicle and Traffic Law of the State of New York Sections 1110, 1111, 1129, 1180, 1212 and the traffic rules and regulations of the City of New York.

8.     Plaintiff DEVANDER SINGH was seriously and severely injured, bruised and wounded, was rendered sick, sore, lame and disabled, and so remains, was caused to suffer injury

and damage and sustain the following complications and sequelae which were caused, precipitated, contributed to and/or aggravated by the defendants' negligence:

-Limited range of motion of the cervical spine;

- C3-C4 disc herniation with left foraminal stenosis;

-Left paracentral C3-C4 disc herniation with central stenosis;

-C4-C5 bulging disc with central stenosis;

-C5-C6 bulging disc with central and right lateral recess stenosis;

- Straightening of the Cervical lordosis;

- Straightening of the Lumbar lordosis;

-Limited range of motion of the lumbar spine;

-L1-L2 disc bulge with canal stenosis;

-L2-L3 bulging disc;

-L3-L4 bulging disc;

-L4-L5 disc bulging;

-L4-L5 canal stenosis with right and left forminal narrowing and contact of the exiting right L4 nerve root;

-L3-L4 canal stenosis, asymmetric to the left with mild left greater than right foraminal narrowing and encroachment upon the descending left L4 nerve root;

-L2-L3 flattening of the ventral margin of the thecal sac with left foraminal narrowing;

-Lumbar spine muscle spasm;

-Low back syndrome;

-Tear of the rotator cuff, left shoulder;

-Limited range of motion, left shoulder;

-Full thickness tear of central supraspinatus tendon, left shoulder;

-Interstitial delaminating infraspinatus tendon tear, left shoulder;

-Mild acromioclavicular joint arthrosis, left shoulder;

-Impingement syndrome, left shoulder;

-Left shoulder sprain and strain;

-Limited range of motion, right shoulder;

- Tear of the rotator cuff, right shoulder;

-Intrasubstance tear of central supraspinatus tendon at insertion on greater tuberosity, right shoulder;

-Low-grade partial-thickness articular surface infraspinatus tendon tear, right shoulder;

-Impingement syndrome, right shoulder;

-Right shoulder sprain and strain;

-Internal derangement of the Right ankle;

-Right ankle contusion;

-Right knee sprain and strain;

-Internal derangement of the Right knee;

-Limited range of motion, right knee;

-3 mm focus of cartilage thinning and signal abnormality over lateral tibial plateau adjacent to lateral tibial spine with underlying subchondral bone marrow edema, right knee;

-Posttraumatic headaches and dizziness;

-Need for future surgeries;

Following an extended course of conservative treatment and due to the persistence of pain and symptomatology of the aforesaid injuries, plaintiff was caused to undergo the following surgical procedures:

**Surgicore Surgical Center in Saddle Brook, N.J. on July 30, 2018:**

1. Arthroscopy of the left shoulder;

2. Arthroscopic extensive debridement anterior, superior and posterior labrum, left shoulder;

3. Arthroscopic major synovectomy;

4. Arthroscopic Mumford procedure; excision of the distal end of the clavicle, left shoulder;

5. Arthroscopic repair of rotator cuff, left shoulder;

6. Chondroplasty humeral head for cartilage repair, left shoulder;

7. Arthroscopic lysis of adhesion in subacromeal space, left shoulder;

8. Arthroscopic subacromial major bursectomy and subacromeal decompression and Acromioplasty, left shoulder;

9. Infiltration of Kenalog injection without ultrasound, left shoulder.

FILED: QUEENS COUNTY CLERK 04/04/2019 03:11 PM    Filed 05/03/19    Page 43 of 50 PageID #: 154
NYSCEF DOC. NO. 21
INDEX NO. 715677/2018

RECEIVED NYSCEF: 04/04/2019

and,

### Surgicore Surgical Center in Saddle Brook, N.J. on August 27, 2018:

1. Arthroscopy of the right knee;
2. Arthroscopic 3 compartment major synovectomy, right knee;
3. Arthroscopic partial meniscectomy of the lateral meniscus, right knee;
4. Arthroscopic lysis of adhesions, right knee;
5. Coablation anthroplasty lateral tibia plateau, right knee
6. Infiltration of Kenalog injection without ultrasound, right knee.

and,

**Bilateral L4/5 transforaminal lumbar epidural steroid injection, under fluoroscopic guidance with contrast performed on September 26, 2018 by Dr. Silvia Geraci at New York Spine Specialist.**

and,

**Bilateral L4/5 transforaminal lumbar epidural steroid injection, under fluoroscopic guidance with contrast performed on October 9, 2018 by Dr. Silvia Geraci at New York Spine Specialist.**

9.     All of the aforesaid injuries extended to the surrounding nerves, tendons, tissues, ligaments, musculature and bony structure, including but not limited to the periosteum, cortex and blood circulatory system.   Plaintiff also has sustained scarring at the surgical sites.   All of the aforesaid injuries are claimed to be permanent.

That by reason of the injuries to the cervical discs and the concomitant trauma to the cervical spine with the stretching and tearing of the ligaments and musculature constituting the supportive structures thereof, and the entrapment of the cervical nerve roots in the scar tissue formed, plaintiff suffered and continues to suffer from pain, spasm, restriction and limitation of motion of the head and neck, with pain radiating bilaterally into the shoulders, arms and hands, a numbness and tingling sensation along the inner aspect of the forearms and into the first three

fingers, with general weakness of the extremities and loss of grasping power.

That as a result of the injuries to the lumbosacral spine, the plaintiff was caused and continues to suffer from pain, restriction and limitation of motion of the back and trunk, pain radiating bilaterally into the buttocks and thighs, difficulty in bending, stooping, standing and stair climbing, with increased intensification of pain on coughing, sneezing, exertion and/or fatigue.

That as a result of the injury to the left shoulder, with the concomitant rupture and tearing of the ligaments and musculature constituting the supportive structures thereof, plaintiff was caused to and still does suffer from pain, tenderness, restriction and limitation of motion of the shoulder and arm, inability to raise the arm above shoulder level without increased excitation of pain, general weakness of the arm and loss of grasping power, with loss of the effective use of the extremity.

That as a result of the injury to the right shoulder, with the concomitant rupture and tearing of the ligaments and musculature constituting the supportive structures thereof, plaintiff was caused to and still does suffer from pain, tenderness, restriction and limitation of motion of the shoulder and arm, inability to raise the arm above shoulder level without increased excitation of pain, general weakness of the arm and loss of grasping power, with loss of the effective use of the extremity.

That by reason of the trauma to the right knee, plaintiff suffered and still does suffer from effusion, swelling, pain, tenderness, restriction and limitation of motion of the knee and leg, buckling of the knee, difficulty in bending, squatting and stair-climbing, recurrent persistent limping, with increased intensification of symptomatology on inclement weather, exertion or fatigue.

That as a result of the trauma to the right ankle, plaintiff suffered and still does suffer from swelling, pain, tenderness, restriction and limitation of motion of the foot, ankle and leg, recurrent persistent limping, difficulty in weight-bearing and gait, with increased intensification of symptomatology on inclement weather, exertion or fatigue.

The plaintiff was caused to and still does suffer from persistent headaches of extreme intensity, nervousness, apprehension, auditory disturbances, irritability, anxiety and difficulty in sleeping and concentration.

Concentrated mental or physical effort on the part of the plaintiff was and still is

restricted and limited, since those functions result in cephalgia, strain, general weakness and unsteadiness.

Plaintiff has been advised and verily believes that the aforesaid injuries are of a chronic and protracted nature, which have resulted in permanent residuals and/or sequelae, and that his prognosis is guarded.

That by reason of the surgical procedures as hereinbefore set forth, plaintiff has been left with a permanent cosmetic defect and deformity in the form of scarring at the operative site and suffered and continues to suffer from pain, tenderness and soreness at and about the said site.

Plaintiff will prove upon the trial hereof the manifestations of the injuries sustained as well as the medical aid and attention sought and received in an effort to cure and alleviate the symptomatology complained of, the impairment and loss of function, and the resultant diminution of his economic and social capacity.

10.    Following this accident, Mr. Singh was confined in and about his bed and home from the date of accident to present and continuing, except when receiving necessary medical aid and attention, or upon isolated instances, or during the course of convalescence, rehabilitation and/or therapy.

11.    That as a result of the accident herein and the injuries sustained, plaintiff DEVANDER SINGH was confined to Jamaica Hospital Medical Center on the date of the accident. Plaintiff was later confined to Surgicore Surgical Center on July 30, 2018 and August 27, 2018 for his left shoulder and right knee surgeries respectively.

12.    Names and addresses of treating physicians for plaintiff DEVANDER SINGH:

- Jamaica Hospital Medical Center
  8900 Van Wyck Expressway
  Jamaica, N.Y. 11418;

- Premier Physical Medicine & Rehabilitation, P.C.
  54 West Merrick Road
  Valley Stream, NY 11580;

- Dr. Ajoy K. Sinha, M.D.
  57-23 141st Street
  Flushing, NY 11355;

- Lenox Hill Radiology
  43-55 147th Street

Flushing, N.Y. 11355;

- Surgicore Surgical Center
  444 Market Street
  Saddle Brook, N.J. 07663.

- New York Spine Specialist
  2001 Marcus Avenue, Suite W170
  Lake Success, New York 11042.

13. – 15. Plaintiff is a self employed livery driver/owner. A claim for lost wages is being made herein. The plaintiff has been and remains totally disabled from the date of accident to present and continuing.

16.    Plaintiff DEVANDER SINGH claims the following as and for special damages to date:

| | | |
|---|---|---|
| a. | Hospital Expenses: all bills not received to date, exact amount unknown expected to be as high as | $1,000,000.00 |
| b. | Physicians' Services: all bills not received to date, exact amount unknown, expected to be as high as | $1,000,000.00 |
| c. | Nurses' Services: | Included in (a) and (b) herein; |
| d. | Dental Expenses: | Not applicable. |
| e. | Medicine & Medical Expenses: | Included in (a) and (b) herein; |
| f. | Ambulance Expenses; | Included in (a) herein; |
| g. | X-rays; | Included in (a) and (b) herein; |
| h. | Loss of earning: expected to be as high as | $3,000,000.00 |
| e. | All other Expenses: | To be provided, if applicable |

17.    Plaintiff's social security number is ████████.

18.    Plaintiff DEVANDER SINGH has sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York in that he sustained a significant disfigurement; his said injuries have resulted in permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and/or a medically determined injury or impairment of a non-permanent nature which prevented plaintiff from performing substantially all of the material acts which constituted plaintiff's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

Plaintiff has sustained economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York, in that the pain, suffering and disability attendant to and arising out of the injuries sustained in the accident herein are not compensable under said section and claim is made for same in the amount set forth in the complaint herein.

19.     Objection, improper demand pursuant to CPLR 3043.

20.     Objection, improper demand pursuant to CPLR 3043.

21-22.  Improper demands.  Plaintiffs object to these demand to the extent they request evidentiary material, which is inappropriate for a Bill of Particulars. The Bill of Particulars is designed to amplify the pleadings; it is not a discovery device.

Dated: Queens, N.Y.
       October 10, 2018

                                            Yours, etc.


                                            _____
                                            STEPHEN A. SKOR, ESQ.
                                            Attorney for Plaintiff
                                            DEVANDER SINGH
                                            114-08 101 Avenue, Second Floor
                                            Richmond Hill, N.Y. 11419
                                            (718) 850-6992

To:
Sal F. Deluca, Esq. c/o
**SIMMONS JANNACE DELUCA, LLP.**
*Attorneys for Defendants*
*RONALD POLES and COSTCO WHOLESALE CORPORATION*
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

**LAW OFFICES OF NANCY L. ISSERLIS**
*Attorneys for Defendant*
*SAHIB S. WALIA*
36-01 43rd Avenue
Long Island City, N.Y. 11101
(718) 361-1514

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I the attorney for the plaintiff in the within action; that I have read and know the contents of the foregoing bill of particulars, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmant and not by plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains his office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated: Queens, N.Y.
      October 10, 2018

STEPHEN A. SKOR, ESQ.

1

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK,
COUNTY OF QUEENS ss.:

Anglise Castelain, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in the County of Kings, in the State of New York.

That on October 10, 2018, deponent served the within **VERIFIED BILL OF PARTICULARS** upon:

Sal F. Deluca, Esq. c/o
**SIMMONS JANNACE DELUCA, LLP.**
*Attorneys for Defendants*
*RONALD POLES and COSTCO WHOLESALE CORPORATION*
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

**LAW OFFICES OF NANCY L. ISSERLIS**
*Attorneys for Defendant*
*SAHIB S. WALIA*
36-01 43rd Avenue
Long Island City, N.Y. 11101
(718) 361-1514

by depositing a true copy of the same securely enclosed in a postpaid wrapper in a Post Office Box regularly maintained by the United States Government directed to the above mentioned attorneys at their respective address, that being the address within the State designated by them for that purpose upon the preceding papers in this action or the place where they kept an office, between which places there then was and now is regular communication by mail.

Anglise Castelain

Sworn to before me on
October 10, 2018

Notary Public

STEPHEN A SKOR
Notary Public, State of New York
No. 02SK6316884
Qualified in Queens County
Commission Expires December 22, 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 5298/2018

DEVANDER SINGH,

Plaintiff,

-against-

RONALD POLES, PENSKE TRUCK LEASING CO., L.P., PENSKE TRUCK
LEASING CORPORATION, COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC. and SAHIB S. WALIA,

Defendants.

## VERIFIED BILL OF PARTICULARS

**STEPHEN A. SKOR, ESQ.**
Attorney for Plaintiff
Office and Post Office Address
114-08 101st Avenue, 2nd Floor
S. Richmond Hill, N.Y. 11419
Phone: 718-850-6992
Fax: 718-850-6999