# EXHIBIT "B"
# Defendant Sahib Walia's Motion for Summary Judgment

B-75888
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
DEVANDER SINGH,

          Plaintiff,

  -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

          Defendants.
---------------------------------------------------------------X

INDEX NO.: 715677/2018

**NOTICE OF MOTION**

Robert I. Caloras, J.S.C.
Part 36, Room 103
Return Date: **02/28/19**
Motion #: 001

    PLEASE TAKE NOTICE, that upon the annexed affirmation of GLENN R. SCHWARTZ, ESQ. dated January 16, 2019, and the exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein, Defendant SAHIB S. WALIA will move this Court before the Hon. ROBERT I. CALORAS, Room 103, at the Courthouse located at 25-10 Court Square, Long Island City, New York, **on the 28th day of February, 2019**, at 10:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, for an Order pursuant to C.P.L.R. § 3212 granting summary judgment to Defendant SAHIB S. WALIA dismissing Plaintiff's Complaint and all cross-claims against said Defendant, with prejudice, together with such other and further relief as this Court may deem just and proper.

    PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR Section 2214(b), you are required to serve all papers that will be used in opposition to this motion at least seven (7) days prior to the return date of the motion.

Pursuant to 22 NYCRR 130-1.1, it is hereby certified that to the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the annexed papers or contentions therein are not frivolous as defined by 22 NYCRR.1.1(c).

Dated: Long Island City, New York
January 16, 2019

Yours, etc.,

LAW OFFICES OF NANCY L. ISSERLIS
Attorneys for Defendant SAHIB S. WALIA

By: _____
GLENN R. SCHWARTZ, ESQ.
36-01 43rd Avenue
Long Island City, New York 11101
Tel.: (718) 361-1514
File No.: B-75888

TO: Stephen A. Skor, Esq.
Attorneys for Plaintiff
114-08 101st Avenue, 2nd Floor
Richmond Hill, New York 11419
(914) 434-6092

Simmons Jannace DeLuca, LLP
Attorneys for Defendants
RONALD POLES and
COSTCO WHOLESALE CORPORATION
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

NO APPEARANCE BY PENSKE
DEFENDANTS

B-75888
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
DEVANDER SINGH,

INDEX NO.: 715677/2018

                Plaintiff,

AFFIRMATION IN SUPPORT

      -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                Defendants.
------------------------------------------------------------------X

        GLENN R. SCHWARTZ, an attorney at law, duly licensed to practice in the State of New York, respectfully affirms the truth of the following statements under penalty of perjury:

        1.    I am associated with the LAW OFFICES OF NANCY L. ISSERLIS, attorneys for Defendant SAHIB S. WALIA in the above-entitled action, and as such, I am fully familiar with the facts and circumstances heretofore had herein, the source of my knowledge coming from a complete review of the file contents maintained by my office.

        2.    I submit this affirmation in support of the instant motion for an Order pursuant to C.P.L.R. § 3212 granting summary judgment dismissing Plaintiff's Complaint and all cross-claims against said Defendant with prejudice, on the grounds that there is no negligence on his part with respect to the happening of the subject accident, and for such other and further relief as this Court deems just and proper.

3. This is a personal injury action arising out of a two-vehicle collision which took place on June 7, 2018. Plaintiff's Summons and Complaint and Answers on behalf of Defendants SAHIB S. WALIA, RONALD POLES and COSTCO WHOLESALE CORPORATION are annexed hereto as Exhibit A. The PENSKE defendants have not appeared.

4. It is respectfully submitted that there is no liability on the part of Defendant WALIA, as he was hit in the rear by the vehicle operated by Defendant RONALD POLES. The Plaintiff was a passenger in the WALIA vehicle. In support of same, the affidavit of Defendant SAHIB S. WALIA is annexed hereto as Exhibit B. As the Court can see, the affidavit clearly states that he was hit in the rear by the POLES/COSTCO vehicle, as he was driving along the Van Wyck Expressway, through no fault of his own. There was nothing that SAHIB S. WALIA did to cause this accident, and nothing he could have done to avoid it. As such, there are no questions of fact to be determined with regard to liability, which is totally on the POLES/COSTCO vehicle.

5. New York State Vehicle & Traffic Law §1129(a) imposes a duty on drivers to follow other vehicles at a "reasonable and prudent" distance. The statute requires: *"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."* See, N.Y. Veh. & Traf. L. §1129(a) (McKinney 2007).

6. It is axiomatic that the operator of a following vehicle is under a duty to maintain a safe distance between vehicles and that a failure to do so in the absence of an adequate explanation constitutes negligence as a matter of law. See, *Maxwell v. Lobenberg*, 227 A.D.2d 598, 643 N.Y.S.2d 186 (2nd Dept., 1996); *Rebecchi v. Whitmore*, 172 A.D.2d 600; *Reed v. New York City Transit Auth.*, 299 A.D.2d 330, 749 N.Y.S.2d 1 (2nd Dept., 2002). Further, when a

driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed to avoid colliding with the other vehicle. See, *Caputo v. Schaumeyer*, 252 A.D.2d 512, 675 N.Y.S.2d 372 (2nd Dept., 1998).

7. The law is also quite clear that a presumption of negligence arises from a rear-end collision and that absent a cognizable explanation by the operator of the offending vehicle, a party is entitled to summary judgment as a matter of law on the issue of liability. See, *Agramonte v. City of New York*, 288 A.D.2d 75, 732 N.Y.S.2d 414 (1st Dept., 2001); *Bustillo v. Matturro*, 292 A.D.2d 554, 555, 740 N.Y.S.2d 360 (2nd Dept., 2002); *Ng v. Reid*, 259 A.D.2d 601, 686 N.Y.S.2d 780 (2nd Dept., 1999); *McNulty v. DePetro*, 298 A.D.2d 566, 750 N.Y.S.2d 89 (2nd Dept., 2002); *Shamah v. Richmond County Ambulance Service, Inc.*, 279 A.D.2d 564, 565, 719 N.Y.S.2d 287 (2nd Dept., 2001); see, also, *Rebecchi v. Whitmore*, 172 A.D.2d 600; *Bournazos v. Malfitano*, 275 A.D.2d 437, 713 N.Y.S.2d 75 (2nd Dept., 2000); *Nicoli v. Whelen*, 283 A.D.2d 623, 725 N.Y.S.2d 365 (2nd Dept., 2001). New York Courts have affirmed summary judgment in a motor vehicle collision case where the evidence established that the movant was in no position to take steps to reasonably foresee or avoid the collision. See, *Barnes v. Lee*, 158 A.D.2d 414, 551 N.Y.S.2d 247 (1st Dept., 1990); *Yusupov v. Supreme Carrier Corp.*, 240 A.D.2d 660, 659 N.Y.S.2d 78 (2nd Dept., 1997); *Morowitz v. Naughton*, 150 A.D.2d 536, 541 N.Y.S.2d 122 (2nd Dept., 1989). The operator of a motor vehicle cannot reasonably have the duty to anticipate being struck from behind due solely to the negligence of another. See, *Fiscella v. Gibbs*, 261 A.D.2d 572, 690 N.Y.S.2d 713 (2nd Dept., 1999). Moreover, a driver has established his or her *prima facie* entitlement to judgment as a matter of law where he or she presents evidence that defendant's vehicle was stopped or slowed without striking the vehicle ahead, when defendant's

vehicle was struck in the rear. <u>Smith v. Seskin</u>, 49 A.D.3d 628-629, 854 N.Y.S.2d 420 (2nd Dept., 2008).

8. As a matter of law, where Defendant WALIA's vehicle was struck in the rear-end by the POLES/COSTCO vehicle, Defendant WALIA cannot be responsible for the accident.

9. The relief of granting summary judgment is appropriate even in negligence actions where there are no factual issues to be tried as provided under CPLR 3212(c). In <u>Donadin v. Crouse-Irving Memorial Hospital, Inc.</u>, 75 A.D.2d 715, 427 N.Y.S.2d 118, 119, the Court noted that,

> *While summary judgment is granted infrequently in negligence actions, the remedy should be granted where there is no merit to the cause of action. <u>Blake v. Cardino</u>, 35 A.D.2d 1022, 315 N.Y.S.2d 973, aff'd. 29 N.Y.S.2d 876, 328 N.Y.S.2d 442, 278 N.E.2d 649). Summary judgment is proper to eliminate unnecessary expense to named litigants where no issue of a material fact is presented to justify a trial as against them. (<u>Axelrod v. Armistead</u>, 36 A.D.2d 593, 318 N.Y.S.2d 407; cf <u>Wolfgruder v. The Upjohn Co.</u>, 72 A.D.2d 58, 423 N.Y.S.2d 95).*

With respect to the determination of whether such factual issues exist, the Court, in <u>Manufacturers and Traders Company v. Barry Warehouses, Inc.</u>, 49 A.D.2d 230, 347 N.Y.S.2d 514, 516, stated,

> *The Court of Appeals has consistently held that the test on a motion for summary judgment is whether there are issues of fact properly to be resolved in a jury (<u>Hartford Accident & Indemnity Co. v. Wesolwski</u>, 33 N.Y.2d 169, 172, 350 N.Y.S. 895, 898; 305 N.E.2d 907, 909). The shadowy semblance of an issue is not sufficient, however, to defeat a motion for summary judgment (<u>Koppers Company, Inc. v. Empire Bituminous Products, Inc.</u> 35 A.D.2d 906, 316 N.Y.S.2d 858 aff'd 30 N.Y.2d 609, 331 N.Y.S.2d 38.*

10. Clearly summary judgment is appropriate since the movant, Defendant WALIA's vehicle was struck in the rear-end as it proceeded on the Van Wyck Expressway. There is no evidence in the record to establish any negligence on the part of this Defendant.

WHEREFORE, it is respectfully requested that the within motion be granted in all respects, granting summary judgment to Defendant SAHIB S. WALIA, dismissing the Complaint and all cross-claims against him with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: Long Island City, New York
January 16, 2019

_____
GLENN R. SCHWARTZ

Re: D/A: <u>06/07/2018</u>  
Claim #: <u>75888-02</u>  
Policy #: <u>CA287432</u>

Page 1 of 2

State of NY         )  
                    ss.:        AFFIDAVIT  
County of Queens    )

Sahib Singh Walia, being duly sworn, deposed and states, the following:

On June 7, 2018 at approximately 2:20am I was the driver of the 2018 Toyota sedan bearing the New York State license plate number T760261C. The weather was dry and clear and not a factor. I was using the car for my personal use and my brother in law was in my car with me. I was traveling south bound on the Van Wyck Expressway. At this point, the Van Wyck Expressway is a 2 way highway with either 3 or 4 lanes in each direction. Opposite bound lanes are divided by a concrete median. The street is flat and traffic conditions were light. I was travelling in the far right lane at the time of the accident and I had been in the far right lane for at least 2-3 minutes before the accident. I was traveling approximately 50 mph and I was approaching the Linden Blvd. exit when a Costco tractor trailer hit my car in the rear. The front end of the tractor trailer hit the back of my car. The truck that struck me was traveling at least 50 mph. The tractor trailer was also travelling in the right lane before it hit my car in the rear. Before the accident, a car which had been travelling to my left and ahead of me, changed into my lane and then it took the Linden Blvd. exit to exit the highway. I slowed down gradually to allow that car to pass. The tractor trailer hit me in the rear and it must have been following my car too closely. My airbags did not deploy at the time. I think my passenger, my brother in law Devander Singh, called 911. An ambulance came approximately 10-15 minutes after the accident and took me to Jamaica Hospital. I do not know if there were any other witnesses to the

Page 2 of 2

accident. I did not get a chance to speak to the other driver. As a result of the accident, I injured my chest, neck, back, right knee and both shoulders. I am currently still receiving treatment for physical therapy for my injuries.

Sworn to before me
this 31st day of July, 2018.

_____
Notary Public

A. ALI YUSAF
Notary Public State of New York
NO. 02YU6222439
Qualified in Queens County
Commission Expires 5/24/2018
2022

X _Qualia_____
SIGN NAME

8