# EXHIBIT "D"
# Defendant Sahib Walia's Partial Opposition to Cross- Motion

B-75888
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
DEVANDER SINGH,

                        Plaintiff,

      -against-

RONALD POLES,
PENSKE TRUCK LEASING CO., L.P.,
PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.
and SAHIB S. WALIA,

                        Defendants.
------------------------------------------------------------------X

INDEX NO.: 715677/2018

AFFIRMATION IN REPLY
AND PARTIAL
OPPOSITION

Robert I. Caloras, J.S.C.
Part 36, Room 103
Return Date: **04/18/19**
Motion #: 001 and 002

       GLENN R. SCHWARTZ, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

    1.    I am an associate with the **LAW OFFICES OF NANCY L. ISSERLIS**, Attorneys for Defendant SAHIB S. WALIA.

    2.    I am fully familiar with the facts and circumstances herein contained, the source of my knowledge and information being the records maintained by this office in the course of the defense hereof.

    3.    This Affirmation is submitted in Reply to the Partial Opposition of Plaintiff, in Partial Opposition to Plaintiff's Cross-Motion for summary judgment and in further support of the within motion by Defendant WALIA for an Order pursuant to CPLR § 3212 granting summary judgment in favor of Defendant WALIA, and dismissing the Complaint of plaintiff, together with all cross-claims, on the grounds that Defendant WALIA is not liable for the subject accident; together with such other and further relief as this Court may deem just and proper.

4. We have no opposition to the branch of Plaintiff's cross-motion seeking summary judgment against Defendants RONALD POLES and COSTCO WHOLESALE CORPORATION. The Court's attention is respectfully drawn to the fact that the affidavit of the Plaintiff, who was a passenger in the WALIA vehicle, **totally supports the position of Walia.** There is no allegation by the Plaintiff that Walia stopped short, changed lanes, or did anything else to cause this accident. For that reason, Plaintiff as an innocent passenger is absolutely entitled to summary judgment against POLES and COSTCO.

5. However, for the same reason, we must oppose that branch of the Plaintiff cross-motion that seeks to have the Court apportion the liability between the Defendants POLES/COSTCO and our client WALIA. There is **nothing whatsoever** in the Plaintiff's cross-motion or Partial Opposition to our motion that places any liability on our client. Therefore, the Plaintiff's Partial Opposition to our motion does not actually have anything in it to indicate that our motion should be denied, and the Plaintiff's cross-motion contains nothing to indicate that the Court needs to apportion the liability between the Defendants.

**WHEREFORE**, it is respectfully requested that this Court issue an Order pursuant to CPLR § 3212 granting summary judgment in favor of Defendant SAHIB S. WALIA, and dismissing the Complaint of plaintiff, together with all cross-claims, on the grounds that Defendant SAHIB S. WALIA is not liable for the subject accident; together with such other and further relief as this Court may deem just and proper.

Dated: Long Island City, New York
April 8, 2019

_____
GLENN R. SCHWARTZ