# EXHIBIT "E"
# Notice of Removal

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM
NYSCEF DOC. NO. 29
INDEX NO. 715677/2018
RECEIVED NYSCEF: 04/09/2019

Case 1:19-cv-01984-RML   Document 11-8   Filed 05/03/19   Page 2 of 9 PageID #: 193
Case 1:19-cv-01984   Document 1   Filed 04/05/19   Page 1 of 6 PageID #: 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

(bb 7922)

------------------------------------------X
DEVANDER SINGH,

                        Plaintiff,

    -against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

                        Defendants.
------------------------------------------X

Civil Action No.:
19-CV-

NOTICE OF REMOVAL

Queens County
Index No.: 715677/2018

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

    Defendants, RONALD POLES [hereinafter "POLES"] and COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"], by their attorneys, SIMMONS JANNACE DELUCA, LLP, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

    1.    The above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens bearing Index Number 715677/2018. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**.

    2.    On August 24, 2018, this office interposed an Answer to plaintiff's Complaint on behalf of POLES and COSTCO. A copy of Defendants' Answer is annexed hereto as **Exhibit "B"**.

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM
NYSCEF DOC. NO. 23
INDEX NO. 715677/2018
RECEIVED NYSCEF: 04/09/2019

Case 1:19-cv-01984-RML Document 11-8 Filed 05/03/19 Page 3 of 9 PageID #: 194
Case 1:19-cv-01984 Document 1 Filed 04/05/19 Page 2 of 6 PageID #: 2

3. On September 24, 2018, defendant, SAHIB S. WALIA [hereinafter "WALIA"], interposed his Verified Answer. A copy of which is annexed hereto as **Exhibit "C"**.

4. On November 26, 2018, plaintiff discontinued the within action against defendants PENSKE TRUCK LEASING CO., LP., PENSKE TRUCK LEASING CORPORATION AND COSTCO WHOLESALE MEMBERSHIP, INC. A copy of the discontinuance is annexed hereto as **Exhibit "D"**.

5. The action seeks monetary damages for injuries allegedly suffered by plaintiff, DEVANDER SINGH, while he was a passenger in a vehicle driven by defendant WALIA. Plaintiff has alleged WALIA's vehicle was rear ended by a vehicle driven by defendant POLES, in the course of his employment with COSTCO. Plaintiff's Verified Complaint sounds in negligence.

6. This case was not initially removable as defendant, WALIA, is a citizen of New York. On January 16, 2019, defendant WALIA filed a motion for summary judgment on the issue of liability. Therein, he argued full liability for the subject accident lies with defendants POLES and COSTCO.

7. On April 4, 2019, plaintiff filed an Affirmation in Partial Opposition to the motion. Therein, plaintiff conceded that he has no proof WALIA was negligent. A copy of plaintiff's Affirmation in Partial Opposition is annexed hereto as **Exhibit "E"**.

2

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM
NYSCEF DOC. NO. 29
INDEX NO. 715677/2018
RECEIVED NYSCEF: 04/09/2019

Case 1:19-cv-01984-RML Document 11-8 Filed 05/03/19 Page 4 of 9 PageID #: 195
Case 1:19-cv-01984 Document 1 Filed 04/05/19 Page 3 of 6 PageID #: 3

8. On April 4, 2019, plaintiff also cross-moved for summary judgment on the issue of liability against POLES and COSTCO. Therein, he argued POLES and COSTCO were solely liable for the subject accident. A copy of plaintiff's Affirmation in Support is annexed hereto as **Exhibit "F"**.

9. This Notice of Removal is being filed within thirty (30) days of plaintiff's concession WALIA is an improper party to this litigation.

## GROUNDS FOR REMOVAL

10. POLES and COSTCO seek removal based upon diversity of citizenship and fraudulent joinder, pursuant to 28 U.S.C. § 1446(b)(3).

11. The amount in controversy requirement of $75,000 is satisfied as plaintiff has undergone numerous surgical procedures, has alleged hospital expenses of $1,000,000, physician services of $1,000,000 and loss of earnings of $3,000,000.

12. The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; (b) Defendant POLES is now, and was at the time the action was commenced, a resident of the State of New Jersey; and (c) Defendant COSTCO is now, and was at the time the action was commenced a corporation incorporated in the State of

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 25 RECEIVED NYSCEF: 04/09/2019
Case 1:19-cv-01984-RML Document 11-8 Filed 05/03/19 Page 5 of 9 PageID #: 196
Case 1:19-cv-01984 Document 1 Filed 04/05/19 Page 4 of 6 PageID #: 4

Washington with its principal place of business in the State of Washington.

13. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between the parties.

14. Defendant WALIA, is now, and was at the time the action was commenced, a resident of New York.

15. Diversity jurisdiction is generally determined by the face of the complaint. However, an exception to this rule exists where non-diverse defendants are fraudulently joined. Under fraudulent joinder, "courts overlook the presence of non-diverse defendants if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 73 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

16. As evidenced by plaintiff's inability to oppose WALIA's motion for summary judgment on liability, and cross-

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM INDEX NO. 715677/2018
NYSCEF DOC. NO. 29 RECEIVED NYSCEF: 04/09/2019
Case 1:19-cv-01984-RML Document 11-8 Filed 05/03/19 Page 6 of 9 PageID #: 197
Case 1:19-cv-01984 Document 1 Filed 04/05/19 Page 5 of 6 PageID #: 5

motion for summary judgment on liability against POLES and COSTCO, plaintiff sued WALIA solely in an effort to destroy diversity jurisdiction.

## CONCLUSION

17. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens promptly after the filing of this Notice.

18. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

19. By filing this Notice of Removal, POLES and COSTCO do not waive any defenses which may be available to them, specifically including, but not limited to, their right to contest *in personam* jurisdiction over petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, defendants pray that the above-captioned action now pending in the Supreme Court in the State of New York, County of Queens, be removed therefrom to this Court.

FILED: QUEENS COUNTY CLERK 04/09/2019 03:46 PM                INDEX NO. 715677/2018
NYSCEF DOC. NO. 29                                              RECEIVED NYSCEF: 04/09/2019

Case 1:19-cv-01984-RML   Document 11-8   Filed 05/03/19   Page 7 of 9 PageID #: 198
Case 1:19-cv-01984   Document 1   Filed 04/05/19   Page 6 of 6 PageID #: 6

Dated:  Hauppauge, New York
        April 4, 2019

                           SIMMONS JANNACE DELUCA, LLP
                           Attorneys for Defendants
                           RONALD POLES and COSTCO WHOLESALE
                           CORPORATION

                           By: _____
                                Bradley K. Bettridge
                           **Office & P.O. Address:**
                           43 Corporate Drive
                           Hauppauge, New York 11788
                           (631) 873-4888

TO:  STEPHEN A. SKOR, ESQ.
     Attorney for Plaintiff
     **Office & P.O. Address:**
     114-08 101 Avenue, 2nd floor
     Richmond Hill, New York 11419
     (914) 434-6092

     LAW OFFICES OF NANCY L. ISSERLIS
     Attorneys for Defendant
     Sahib S. Walia
     **Office and P.O. Address**
     36-01 43rd Avenue
     Long Island City, New York 11101
     (718) 361-1514

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEVANDER SINGH

**DEFENDANTS**
RONALD POLES, PENSKE TRUCK LEASING CO., LP., PENSKE TRUCK LEASING CORPORATION, COSTCO WHOLESALE CORPORATION et al

(b) County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Morris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen A. Skor, Esq.
114-08 101 Avenue, 2nd Floor,
Richmond Hill, New York 11419 (914)434-6092

Attorneys *(If Known)*
Simmons Jannace DeLuca, LLP
43 Corporate Drive
Hauppauge, New York 11788

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1441
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/5/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,   **N/A - Defendant cannot certify to plaintiff's damages.**

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

**None**

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☒ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☒ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☒ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain)   ☒ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017