# EXHIBIT "F"
# Affirmation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X
IN THE MATTER OF THE APPLICATION OF
GREGORY JOHNSON,

                     Petitioner,

- against -

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT, and, COSTCO
WHOLESALE CORPORATION

                     Respondents.
————————————————————X

Civil Action No:
17-CV-3986 - JFB-AYS

AFFIDAVIT OF SKIP A. LeBLANG
IN SUPPORT OF MOTION TO REMAND

STATE OF NEW YORK  )
                         )ss.:
COUNTY OF NEW YORK)

    SKIP ALAN LeBLANG, ESQ., pursuant to 28 U.S.C. §1746, hereby states under the penalty of perjury that the following is true and correct:

    1. I am the attorney for GREGORY JOHNSON, the petitioner in the underlying state court special proceeding which is the subject of the within Notice of Removal, and the moving party on this motion to remand.

    2. I am an attorney in good standing before the United States District Court for the Eastern District of New York.

    3. This affidavit is submitted in support of the instant motion to remand on the grounds that the removal is both substantively and procedurally deficient. There is no subject matter jurisdiction for federal removal of this state court disclosure proceeding, and any claim to the contrary - at this time - is both uncertain and speculative.

4. Notice of Removal was filed with this Court by COSTCO on July 5, 2017, the day before a hearing was scheduled on a special proceeding brought in the New York State Supreme Court - Suffolk County, Index No. 611422/2017.[1] That proceeding was solely and exclusively for disclosure from the Suffolk County Police Department, the County of Suffolk and COSTCO Wholesale Corporation, for surveillance and photographic materials, together with 911 recordings relating to an incident causing personal injuries to petitioner **GREGORY JOHNSON** on April 14, 2017.

5. The incident giving rise to the disclosure proceeding occurred while **GREGORY JOHNSON** was shopping at the COSTCO Big Box store at 3000 Middle Country Road, Nesconset, New York (Suffolk County). At the time, **GREG** was at the back of the building where the large bundled papers goods are displayed in the open floor. While getting a bundle of paper towels, he caught his foot on/in a makeshift display platform which had several tiers of the bundles stacked on top of each other, causing him to trip and fall hard on his left upper extremity. The display platform was actually made up of several low-lying wooden freight skids or pallets [maybe 4 - 5 inches high] that were in part obscured by the bundles and material stacked upon them, were irregular in their configuration with spaces in between them, were defective in appearance, had protruding edges beyond the displayed merchandise, and had large trap-like holes along the front and sides of the wood exactly where a shopper would naturally position their feet in order to pick-

---

[1] The Verified Petition in the underlying disclosure proceeding and its accompanying Exhibits can be found at Exhibit "A" of the Notice of Removal ["NOR"]. So too, is Petitioners Affirmation in Support of Petition and O.S.C., together with it's Exhibits "A" - "G." What is NOT contained in materials submitted with the Notice of Removal is the Order to Show Cause issued by Justice William B. Robelini, N.Y.S. Supreme Court, the affidavits of personal service upon the Suffolk County Police Department and the County of Suffolk [Suffolk Respondents], nor the Affirmation submitted by the Suffolk County Respondents in opposition to the disclosure proceeding. They are all attached hereto as Exhibit "1."

up the merchandise. Photographs showing the location of the *general display area* where the incident occurred - with bundles stacked on top of the low-lying wooden skids - were made part of the petition in the underlying state court action, but are attached once again for the convenience of the Court at Exhibit "2."

6. As these wooden freight skids are commonly used at COSTCO, and are often the cause of significant injuries, published decisions from those injury cases have offered a great deal of information about these freight skids, and who - other than COSTCO - would be potential parties involved in such matters. For example, in the record in FEDE v. Costco Wholesale Corp., 2010 NY Slip Op 30162 (Supreme Court, Richmond 2010, Index No: 103168/05), the Court's decision on a summary judgment motion (and EBT transcripts on the motion) showed that these wooden pallets are used to ship merchandise to the COSTCO loading docks where they are brought to the sales floor by means of forklifts and pallet jacks, are rectangular in shape with dimensions of 40 inches wide by 48 inches deep by 5 inches in height, are owned by companies OTHER than COSTCO [CHEP, iGPS, Valley, PECO, Bett-a-way, Four-way[2]], and are often damaged in transit either by the contractors making the delivery OR by the persons who deliver them to the COSTCO retail floor [Please see the decision in FEDE v. Costco Wholesale Corp; the decision in Abdelmessih v. Costco Wholesale, 2010 NY Slip Op 51155 - NY Supreme Court, Richmond 2010, where the record indicated that several types of COSTCO merchandise items arrive from the manufacturer already stacked atop the wooden pallets which are then used as makeshift floor displays; and more generally, the decision in Levy v. WVR Real Estate II, LLC, 2011 NY Slip Op

---

[2] An initial survey of those pallet manufacturers, owners and suppliers shows that several of the companies are either incorporated in New York or have a principal place of business in this State: Four-Way Pallet is a New York corporation with its business address at 8 Dalewood Place, Melville, NY. Pallets Unlimited [now Greenway Products] is a New York corporation with its principal address at 24 East Park Avenue, Long Beach, NY. PECO Pallet has its principal place of business at 2 Bridge Street, Irvington, NY. See materials at Exhibit "3."

-3-

32855 - NY Supreme Court 2011, New York County, for a discussion of how the vendor of certain products in retail stores is responsible for the configuration and display of their own products as placed on wood pallets on the retail floor. While these materials are Exhibits in the underlying special proceeding, they are attached here again a at Exhibit "4" herein].

7. As most of the freight skids used by COSTCO have an insignia or color mark which identifies the owner [exemplar photographs at COSTCO attached at Exhibit "5"], still images of the accident scene, video surveillance of that scene and 911 recordings identifying witnesses to that scene, are the very materials essential to ascertain who - in addition to COSTCO - was involved in the actionable wrongs.

8. These very materials were initially sought from the Suffolk County Police Department and COSTCO cooperatively and without resort to any court proceedings. A Notice to Preserve Evidence [for the exchange of surveillance and photographs] was served upon the respondent COSTCO WHOLESALE CORPORATION at both its designated address for service of process and at the office of the general manager at the Nesconset Store. Then, a Freedom of Information Law [FOIL] request was served upon the Suffolk County Police Department seeking to obtain the "911" digital recordings for the aided response identified as 2017-0217789. *Unfortunately, both of these requests were rejected.*

9. The Suffolk County Police Department denied the request, citing County Law § 308(4):

> "4. Records, in whatever form they may be kept, of calls made to a municipality's E911 system shall not be made available to or obtained by any entity or person, other than that municipality's public safety agency, another government agency or body, or a private entity or a person providing medical, ambulance or other emergency services, and shall not be utilized for any commercial purpose other

-4-

than the provision of emergency services. See, McKinney's Consolidated Laws of NY, County Law, Article 6, §308(4).[3]

10. **COSTCO** similarly denied petitioner's request claiming that the images, surveillance and incident materials were not available because of "COSTCO protocol." That message was delivered in a telephone conversation between your affirmant and a representative of Gallagher Basset [Tony Salerno] - the Third Party Administrator for COSTCO. In that conversation on May 2, 2017, your affirmant expressly asked Gallagher Basset to exchange all photographic and surveillance images showing the incident, the display condition at issue, the post-incident scene and the configuration of the display condition at issue. The request was refused for the reason indicated.

11. With all *non-judicial efforts* to obtain the requested materials fully rebuffed, only then did **GREGORY JOHNSON** initiate a special proceeding to obtain the necessary materials. The proceeding was brought on by a petition under New York State Civil Practice, C.P.L.R. §403 and §3102[c], and given an expedited hearing by an Order to Show Cause issued by the Honorable Justice William Rebolini on June 21, 2017.

12. The special proceeding did not seek any monetary relief against the Suffolk County Respondents or COSTCO. Nor did the proceeding involve any exposure or risk of an adverse liability determination arising from the underlying incident. The sole purpose was to obtain

---

[3] That statutory prohibition was judicially limited by the New York State Appellate Court in Anderson v State, 134 A.D. 3d 1061, 21 N.Y.S.3d 356 (2nd Dept. 2015).There, the 911 recordings were sought *from* Suffolk County as a non-party to a claim that was brought against the State of New York. It was anticipated that the 911 communications were likely to reveal such important information as the cause of the incident, the measure of the pain and suffering experienced by the claimant in its immediate aftermath, potential eyewitnesses, and the like. Despite a subpoena issued out of the Court of Claims, Suffolk County denied production of the materials citing County Law §308(4). It argued that the recordings were not to be disclosed to any entity or person other than certain designated public agencies and emergency medical providers. The Second Department did not agree. It expressly rejected the position of Suffolk County, holding that the 911 recordings and related information were material and relevant to the issues in the civil matter and must otherwise be accessible to a claimant where so directed by a Court.

material and necessary information which would reveal potentially responsible parties for the actionable wrongs. And the respondents were cast in that position solely because they were the parties who were in control of the demanded information. As such, COSTCO, Suffolk County, and the Suffolk County Police Department were essential and required parties to the proceeding. Moreover, the action was brought in the Supreme Court of the State of New York, Suffolk County, as the petition involved a public body [County of Suffolk] and was required to be brought before the Supreme Court "where the material events otherwise took place, or where the principal office of the respondent is located." *See*, C.P.L.R. §506(a, b).

13. In that capacity, and only that capacity, all parties were sued. All parties were served. But only the Suffolk County Respondents appeared through the Suffolk County Attorney's office. The affirmation submitted by the Assistant County attorney (Jacqueline Caputi) dated July 3, 2017, made clear that while the S.C.P.D. had custody of the 911 recordings and transmissions sought in the proceeding, those materials would not be produced unless and until the Court entered an Order and Judgment against it compelling production. [See Affirmation at Exhibit "1"].

14. COSTCO thereafter filed a Notice of Removal dated July 5, 2017. That Notice of Removal was filed *without* the Suffolk County Respondents joining in or consenting to the removal as required by 28 U.S.C. §1446(b)(2)(A). It was filed without a copy of "all process, pleadings and orders" served in the removed action [required by 28 U.S.C. §1446(a)], as it omitted the affirmation of the Suffolk County Respondents demanding an Order before any materials would be produced. And, it was filed in violation of Local Rule 81 which required COSTCO to identify each party to the removal, the party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. §1332.

15. Such failures set forth procedural defects to the Notice of Removal which - standing alone - are sufficient to reject it and order remand.

16. More importantly, though, there is no subject matter jurisdiction for federal removal of the state court disclosure proceeding. There is no federal question basis for removal jurisdiction, and none is alleged. Nor is there any diversity jurisdiction which has been established by competent and convincing evidence. The proceeding which has been removed is a state disclosure proceeding. There is no other. In that proceeding, the Suffolk County Respondents are essential parties. They have been sued. They have appeared by counsel. They have opposed the proceeding as adverse to their interests. And, in taking such an adverse position, they have made the proceeding one which is unresolvable without a judgment issued by the State Supreme Court against them. They are in all respects central to the removed proceeding, adverse to the proceeding and *nondiverse* to the petitioner **GREGORY JOHNSON** who is a resident of the State of New York. As such, diversity of citizenship does not exist in support of the removal as required by 28 U.S.C. §1441(a) and (b)(2).

Even if we accept COSTCO's claim that removability should be measured by the still formative civil action being explored in the disclosure proceeding [rather than the disclosure proceeding itself], there is neither competent nor clear proof that such will ever ripen into an action where complete diversity is present. None. That is particularly so where, as here, COSTCO shoulders the burden to be concrete and specific, where the presumption is against federal diversity jurisdiction, and where all ambiguities must be resolved against removal.

17. Pursuant to this Court's Individual Rule III A, a pre-motion letter regarding the subject matter of this motion was served upon both the Court and all parties to this and the underlying proceeding.

18. A pre-motion telephone conference was held in connection with that letter on July 17, 2017, at which time the Court set a briefing schedule for the subject motion specifying that it should be filed by July 31, 2017.

19. The subject motion has been timely filed pursuant to that scheduling Order and within 30 days of the filing of the Notice of removal, as required pursuant to 28 U.S.C. §1447[c].

20. It is respectfully requested that costs, actual expenses and attorneys fees incurred as a result of the removal be assessed against COSTCO in this matter pursuant to 28 U.S.C. §1447[c].

21. Wherefore, it is respectfully requested that this case be remanded to the Supreme Court of the State of New York, County of Suffolk, for further disclosure proceedings which will permit the identification of all parties involved in the actionable wrongs herein.

Executed:   July 31, 2017
            New York, New York

_____
SKIP ALAN LeBLANG [SL 8023]

Sworn to before me this
31 day of July, 2017

_____
Notary Public

MARILYN HERNANDEZ
Notary Public, State of New York
No. 01HE6195741
Qualified in Queens County
Commission Expires Sept. 8, 2020