# SIMMONS JANNACE DELUCA, LLP
## ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro
———————————
Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Arie H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ
———————————

*Also Admitted NJ
ΔAlso Admitted CT

August 20th, 2020

**Via ECF**
Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Singh, Devander v. Ronald Poles, Penske Truck Leasing
Co., L.P., Penske Truck Leasing Corporation, Costco
Wholesale Corporation, Costco Wholesale Membership,
Inc. and Sahib Walia
Civil Action No: 1:19-CV-1984-JBW-RML

Dear Magistrate Judge Levy:

This office represents the defendants, Ronald Poles and
Costco Wholesale Corporation, in the above-matter.

We have received HIPAA-compliant authorization for
plaintiff's records from Counsel. We respectfully request the
Court so-order the attached subpoenas to be served on the
providers.

Thank you for the opportunity to address the Court in this
matter.

Respectfully submitted,

s/ Sally Kassim-Schaefer
Sally Kassim-Schaefer

SKS/sa

# SIMMONS JANNACE DeLUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

_____

*Also Admitted NJ
ΔAlso Admitted CT

August 20th, 2020

Planet Fitness
132-40 Metropolitan Ave.
Jamaica, NY 11418

> Re: Singh, Devander v. Costco, et. al.
> **Claimant: Devander Singh a/k/a Davinder Singh**
> Address:95-02 104th Street, Ozone Park, NY 11416
> D/O/B: ████████1980
> Soc Sec#: ███████-9818

To Whom It May Concern:

Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

> **Simmons Jannace DeLuca, LLP**
> **43 Coprorate Drive**
> **Hauppauge, New York 11788-2048**

**We must receive these records by the date on the subpoena.**
Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

Very Truly Yours.
**Simmons Jannace DeLuca, LLP**

By: *Stephanie Adamo*

Stephanie Adamo
Paralegal

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| Devander Singh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-CV-1984 |
| Costco Wholesale Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Planet Fitness, 132-40 Metropolitan Ave, Jamaica NY 11418

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Simmons Jannace DeLuca, LLP 43 Corporate Drive Hauppauge, NY 11788 | Date and Time: 08/27/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Costco Wholesale Corporation                                        , who issues or requests this subpoena, are:
Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788 (631) 873-4888, sdeluca@sjdfirm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **19-CV-1984**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| **Devander Singh** | | |
| Patient Address . | | |
| **95-02 104th Street, Ozone Park, New York 11416** | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
*Planet Fitness 132-40 Metropolitan Ave, Jamaica, NY 11418*

8. Name and address of person(s) or category of person to whom this information will be sent:
**Simmons Jannace Deluca, LLP, 43 Corporate Drive, Hauppauge, New York 11788**

9(a). Specific information to be released:
☑ Medical Record from (insert date) *unlimited* to (insert date) *Present*
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: *attendance records*          Include: (*Indicate by Initialing*)

_____ Alcohol/Drug Treatment
_____ Mental Health Information
**Authorization to Discuss Health Information**          _____ HIV-Related Information

(b) ☐ By initialing here _____ I authorize _____
          Initials          Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **LEGAL** | 11. Date or event on which this authorization will expire:<br><br>**two years from date signed** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

SWORN TO before me ON

_____          Date: *02-03-20*
Signature of patient or representative authorized by law.

STEPHEN A. SKOR
Notary Public, State of New York
No. 02SK6316884
Qualified in Queens County
Commission Expires December 22, 20\_\_

\* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

# SIMMONS JANNACE DeLUCA, LLP
ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

*Also Admitted NJ
ΔAlso Admitted CT

August 20ᵗʰ, 2020

Rite Aid
109-07 101 Avenue
Richmond Hill, NY 11419

> Re: Singh, Devander v. Costco, et. al.
> **Claimant: Devander Singh a/k/a Davinder Singh**
> Address: 95-02 104ᵗʰ Street, Ozone Park, NY 11416
> D/O/B: ████ 1980
> Soc Sec#: ████ 9818

To Whom It May Concern:

Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

> **Simmons Jannace DeLuca, LLP**
> **43 Coprorate Drive**
> **Hauppauge, New York 11788-2048**

**We must receive these records by the date on the subpoena.** Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

Very Truly Yours.
**Simmons Jannace DeLuca, LLP**

By: *Stephanie Adamo*

Stephanie Adamo
Paralegal

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| Devander Singh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-CV-1984 |
| Costco Wholesale Corporation, et al. | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Rite Aid, 109-07 101 Ave, Richmond Hill, NY 11419

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Simmons Jannace DeLuca, LLP<br>43 Corporate Drive<br>Hauppauge, NY 11788 | Date and Time:<br><br>08/27/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

                    *CLERK OF COURT*
                                            OR

        _____                 _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Costco Wholesale Corporation                                      , who issues or requests this subpoena, are:
Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788 (631) 873-4888,
sdeluca@sjdfirm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **19-CV-1984**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Devander Singh | ████ | ████ |

| Patient Address . |
|---|
| 95-02 104th Street, Ozone Park, New York 11416 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
*Rite Aid, 109-07 101 Avenue, Richmond Hill, NY 11419*

8. Name and address of person(s) or category of person to whom this information will be sent:
**Simmons Jannace Deluca, LLP, 43 Corporate Drive, Hauppauge, New York 11788**

9(a). Specific information to be released:
☑ Medical Record from (insert date) *Unlimited* to (insert date) *Present*
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☒ Other: *Pharmaceutical records*

Include: (Indicate by Initialing)

_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
    Initials                         Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: LEGAL | 11. Date or event on which this authorization will expire:<br><br>**two years from date signed** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

SWORN TO before me on

_____     Date: *02-03-20*
Signature of patient or representative authorized by law.

STEPHEN A. SKOR
Notary Public, State of New York
No. 02SK6318884
Qualified in Queens County
Commission Expires December 22, 201_

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# SIMMONS JANNACE DeLUCA, LLP

ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

*Also Admitted NJ
ΔAlso Admitted CT

August 20th, 2020

Dream Pharmacy
C/O CT Corporation System
28 Liberty Street
New York, NY 10005

    Re: Singh, Devander v. Costco, et. al.
    **Claimant: Devander Singh a/k/a Davinder Singh**
    Address:95-02 104th Street, Ozone Park, NY 11416
    D/O/B: ████1980
    Soc Sec#: ████-9818

To Whom It May Concern:

  Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

    **Simmons Jannace DeLuca, LLP**
    **43 Coprorate Drive**
    **Hauppauge, New York 11788-2048**

    **We must receive these records by the date on the subpoena.**
Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

    Very Truly Yours.
    **Simmons Jannace DeLuca, LLP**

    By: _Stephanie Adamo_
      Stephanie Adamo
       Paralegal

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| Devander Singh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  19-CV-1984 |
| Costco Wholesale Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Dream Pharmacy, 112-04 101 Ave, Richmond Hill NY 11419

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| | |
|---|---|
| Place:  Simmons Jannace DeLuca, LLP<br>43 Corporate Drive<br>Hauppauge, NY 11788 | Date and Time:<br><br>08/27/2020 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Costco Wholesale Corporation _____, who issues or requests this subpoena, are:
Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788 (631) 873-4888,
sdeluca@sjdfirm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-CV-1984

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                              ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                   for travel and $                   for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Devander Singh | | |

| Patient Address . |
|---|
| 95-02 104th Street, Ozone Park, New York 11416 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
*Dream Pharmacy- 112-04 101 Avenue, Richmond Hill, N.Y. 11419*

8. Name and address of person(s) or category of person to whom this information will be sent:
Simmons Jannace Deluca, LLP, 43 Corporate Drive, Hauppauge, New York 11788

9(a). Specific information to be released:
☑ Medical Record from (insert date) *Unlimited* to (insert date) *Present*
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☒ Other: *Pharmaceutical records*                          Include: *(Indicate by Initialing)*

_____   Alcohol/Drug Treatment
_____   Mental Health Information
**Authorization to Discuss Health Information**          _____   HIV-Related Information

(b) ☐ By initialing here _____ I authorize _____
                    Initials                          Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☒ Other: **LEGAL** | 11. Date or event on which this authorization will expire:<br><br>**two years from date signed** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

SWORN TO before me on

_____          Date: *02-03-20*
Signature of patient or representative authorized by law.

STEPHEN A. SKOR
Notary Public, State of New York
No. 02SK6316884
Qualified in Queens County
Commission Expires December 22, 20□□

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which may identify someone as having HIV symptoms or infection and information regarding a person's contacts.

### SIMMONS JANNACE DeLUCA, LLP
ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

\*Also Admitted NJ
ΔAlso Admitted CT

August 20th, 2020

Skyway Car Service Express
68-20 Fresh Meadow Ln
Fresh Meadows. Ny 11365

Re: Singh, Devander v. Costco, et. al.
**Claimant: Devander Singh a/k/a Davinder Singh**
Address:95-02 104th Street, Ozone Park, NY 11416
D/O/B: ████1980
Soc Sec#: ████9818

To Whom It May Concern:

Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

Simmons Jannace DeLuca, LLP
43 Coprorate Drive
Hauppauge, New York 11788-2048

**We must receive these records by the date on the subpoena.**
Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

Very Truly Yours.
Simmons Jannace DeLuca, LLP

By: *Stephanie Adamo*

Stephanie Adamo
Paralegal

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

DEVANDER SINGH,

                Plaintiff,

    -against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

                Defendants.

**SUBPOENA DUCES TECUM**

CASE NUMBER: 19 CV 1984

M.J. Levy

TO:   **Skyway Car Service Express**
       **68-20 Fresh Meadow Ln**
       **Fresh Meadows, NY 11365**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **A CERTIFIED copy of any and all independent contractor records from 1980 to present, including trip history reports, trip count reports, pay statements, 1099 forms, position or title, rates of pay, applications, contracts, driver terms, etc., in your custody or control, and all other records which you have in your custody with respect to plaintiff Devander Singh a/k/a Davinder Singh. Devander Singh's date of birth is 03/01/1980 and his social security number is 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.**

| PLACE | DATE AND TIME |
|---|---|
| **Simmons, Jannace DeLuca, LLP**<br>**43 Corporate Drive**<br>**Hauppauge, New York  11788-2048** | **AUGUST 31ST, 2020**<br><br>**10:00AM** |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant, Sal F. DeLuca | AUGUST 11, 2020 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788-2048 (631) 873-4888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that it sufficient to enable the demanding party to contest the claim.



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| **Devander Singh** | | |

Patient Address
**95-02 104th Street, Ozone Park, New York 11416**

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
**Skyway Car & Limo Services - 68-20 Fresh Meadow Lane, Fresh Meadow, NY 11365**

8. Name and address of person(s) or category of person to whom this information will be sent:
**Simmons Jannace Deluca, LLP, 43 Corporate Drive, Hauppauge, New York 11788**

9(a). Specific information to be released:
☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: **Employment records from**
**01-01-12-Present**

Include: (*Indicate by Initialing*)
_DS_ Alcohol/Drug Treatment
_DS_ Mental Health Information
_DS_ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
Initials                                Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **LEGAL** | 11. Date or event on which this authorization will expire:<br><br>**two years from date signed** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.
SWORN To before me on:

_____     Date: _6/7/19_
Signature of patient or representative authorized by law.

STEPHEN A. SKOTT
Notary Public, State of New York
Qualified in Queens County
Commission Expires December 22, 20__

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

### SIMMONS JANNACE DeLUCA, LLP
ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLucaΔ
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. ChinitzΔ

*Also Admitted NJ
ΔAlso Admitted CT

August 20th, 2020

Juno
C/O CT Corporation System
28 Liberty Street
New York, NY 10005

> Re: Singh, Devander v. Costco, et. al.
> **Claimant: Devander Singh a/k/a Davinder Singh**
> Address:95-02 104th Street, Ozone Park, NY 11416
> D/O/B: ▇▇▇▇980
> Soc Sec#: ▇▇▇-9818

To Whom It May Concern:

Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

> **Simmons Jannace DeLuca, LLP**
> **43 Coprorate Drive**
> **Hauppauge, New York 11788-2048**

**We must receive these records by the date on the subpoena.** Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

Very Truly Yours.
**Simmons Jannace DeLuca, LLP**

By: *Stephanie Adamo*

Stephanie Adamo
Paralegal

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

DEVANDER SINGH,

Plaintiff,

-against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

Defendants.

## SUBPOENA DUCES TECUM

CASE NUMBER: 19 CV 1984

M.J. Levy

TO:   **Juno**
**c/o Gett Inc.**
**237 W 35th St, Suite 200**
**New York, NY 10001**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| | | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **A CERTIFIED copy of any and all records from 1980 to present, including trip history reports, pay statements, trip count reports, 1099 forms, contracts, driver terms, etc., in your custody or control and all other records which you have in your custody with respect to:**

1) **Plaintiff Devander Singh a/k/a Davinder Singh;**
2) **Any and all independent contractors with social security number: 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;**
3) **Any and all independent contractors with a combination of the date of birth: 03/01/1980 and social security number: 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;**
4) **Any and all independent contractors with the license plate: NY#T703156C;**
5) **Any and all independent contractors with the license plate: NY#T505179C.**
6) **Any and all independent contractors with the phone number: 1-917-302-4120;**
7) **Any and all independent contractors with the phone number: 1-347-720-3609;**
8) **Any and all independent contractors with the phone number: 1-347-720-3901.**

| PLACE | DATE AND TIME |
|---|---|
| **Simmons, Jannace DeLuca, LLP**<br>**43 Corporate Drive**<br>**Hauppauge, New York  11788-2048** | **AUGUST 31ST, 2020**<br><br>**10:00AM** |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant, Sal F. DeLuca | AUGUST 11, 2020 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788-2048 (631) 873-4888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that it sufficient to enable the demanding party to contest the claim

# SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca∆
Allison C. Leibowitz
Stacey Ramis Nigro

Daniel P. Borbet
Katherine R. Cutrone
Irina Feferman*
Ian E. Hannon
Sally Kassim-Schaefer
Michael C. Lamendola*
Aric H. Peymann
Daniel J. Solinsky

Counsel

Susan B. Jannace
Ross M. Chinitz∆

*Also Admitted NJ
∆Also Admitted CT

August 20th, 2020

Woodhaven Limo
2526 50th Street
Woodside, NY 11377

> Re: Singh, Devander v. Costco, et. al.
> **Claimant: Devander Singh a/k/a Davinder Singh**
> Address:95-02 104th Street, Ozone Park, NY 11416
> D/O/B: ▓▓▓▓1980
> Soc Sec#: ▓▓▓-9818

To Whom It May Concern:

Attached hereto please find a subpoena in reference to the above captioned matter. This letter is to notify you that **you need NOT appear** at our office on the said date on the subpoena. However, **you are required to send a certified copy of all records in your possession to our office:**

> Simmons Jannace DeLuca, LLP
> 43 Coprorate Drive
> Hauppauge, New York 11788-2048

**We must receive these records by the date on the subpoena.** Thank you for your corporation in this matter. If you have any questions, please do not hesitate to contact me.

Very Truly Yours.
**Simmons Jannace DeLuca, LLP**

By: *Stephanie Adamo*

Stephanie Adamo
Paralegal

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DEVANDER SINGH,

Plaintiff,

-against-

RONALD POLES, PENSKE TRUCK LEASING CO.,
LP., PENSKE TRUCK LEASING CORPORATION,
COSTCO WHOLESALE CORPORATION, COSTCO
WHOLESALE MEMBERSHIP, INC. and SAHIB
S. WALIA,

Defendants.

**SUBPOENA DUCES TECUM**

CASE NUMBER: 19 CV 1984

M.J. Levy

TO:   **Woodhaven Limo**
      **2526 50th St**
      **Woodside, NY 11377**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
|---|---|---|
| | | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **A CERTIFIED copy of any and all employment and/or independent contractor records from 1980 to present, including trip history reports, trip count reports, pay statements, 1099 forms, W-2 forms, position or title, rates of pay, applications, contracts, driver terms, etc., in your custody or control, and all other records which you have in your custody with respect to plaintiff Devander Singh a/k/a Davinder Singh. Devander Singh's date of birth is 03/01/1980 and his social security number is 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.**

| PLACE | | DATE AND TIME |
|---|---|---|
| | **Simmons, Jannace DeLuca, LLP**<br>**43 Corporate Drive**<br>**Hauppauge, New York  11788-2048** | **AUGUST 31ST, 2020**<br><br>**10:00AM** |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant, Sal F. DeLuca | AUGUST 11, 2020 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sal F. DeLuca, Simmons Jannace DeLuca, LLP, 43 Corporate Drive, Hauppauge, NY 11788-2048 (631) 873-4888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that it sufficient to enable the demanding party to contest the claim.